Nos. 23-10151 & 23-10171

# In the United States Court of Appeals for the Eleventh Circuit

HAVANA DOCKS CORPORATION,
*Plaintiff-Appellee*

v.

ROYAL CARIBBEAN CRUISES, LTD.,
*Defendant-Appellant*

HAVANA DOCKS CORPORATION,
*Plaintiff-Appellee-Cross Appellant*

v.

ROYAL CARIBBEAN CRUISES, LTD.,
NORWEGIAN CRUISE LINE HOLDINGS, LTD.,
CARNIVAL CORPORATION,
a foreign corporation doing business as Carnival Cruise Lines,
MSC CRUISES S.A. CO.,
MSC CRUISES (USA), INC., *et al.*,
*Defendants-Appellants-Cross Appellees*

*On Appeal from the U.S. District Court for the Southern District of Florida*
*Civil Nos. 19-21724, 19-23588, 19-23590, 19-23591*
*The Honorable Beth Bloom, J.*

## PETITION FOR PANEL REHEARING OR REHEARING EN BANC

Roberto Martínez
Stephanie A. Casey
Zachary A. Lipshultz
Thomas A. Kroeger
Aziza F. Elayan
Sabrina S. Saieh
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, FL   33134

Christopher Landau
Richard Klingler
ELLIS GEORGE LLP
1201 Connecticut Ave. N.W., Suite 513
Washington, DC   20036
(202) 249-6900
*clandau@ellisgeorge.com*

Vincent H. Li
ELLIS GEORGE LLP
152 West 57th Street, 28th floor
New York, NY   10019

November 12, 2024

Nos. 23-10151 & 23-10171,

*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

**AMENDED CERTIFICATE OF INTERESTED PERSONS**

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1, Plaintiff-Appellee-Cross-Appellant Havana Docks Corporation hereby certifies that the following is a complete list of persons and entities having an interest in the outcome of these cases. Entries marked with an asterisk have been added or changed since Havana Docks' last filing.

1. 1972 Productions, Inc. Florida – Carnival Corporation Subsidiary

2. A.C.N. 098 290 834 Pty. Ltd. Australia – Carnival Corporation Subsidiary

3. A.J. Juneau Dock, LLC Alaska – Carnival Corporation Subsidiary

4. Admiral Management Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

5. Adventure Island Ltd. Bahamas – Carnival Corporation Subsidiary

6. Adventure of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

7. AIDA Kundencenter GmbH Germany – Carnival Corporation Subsidiary

8. AIDAradio GmbH Germany – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

9.  Air-Sea Holiday GmbH Switzerland – Carnival Corporation Subsidiary

10. Akerman LLP – counsel for Carnival Corporation

11. Alaska Hotel Properties LLC Delaware – Carnival Corporation Subsidiary

12. Allure of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

13. American Society of Travel Advisors, Inc. – Amicus Curiae Supporting Defendants-Appellants

14. Anthem of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

15. Arrasas Limited Isle of Man – Norwegian Cruise Line Holdings, Ltd. Subsidiary

16. Baldridge, James D. – counsel for MSC Cruises S.A.

17. Balmori, Daniel – counsel for Norwegian Cruise Line Holdings, Ltd.

18. Barcelona Cruise Terminal SLU Spain – Carnival Corporation Subsidiary

19. Bash III, John F. – counsel for Norwegian Cruise Line Holdings, Ltd

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

20.  Bay Island Cruise Port, S.A. Honduras – Carnival Corporation

Subsidiary

21.  Behn, Aphra – shareholder of Havana Docks Corporation

22.  Behn, Mickael – director of Havana Docks Corporation

23.  Behn-Lucain, Melanie – shareholder of Havana Docks Corporation

24.  Belize Cruise Terminal Limited Belize – Carnival Corporation

Subsidiary

25.  Belize Investments Limited St. Lucia – Norwegian Cruise Line

Holdings, Ltd. Subsidiary

26.  Belize Island Holdings Ltd. Belize – Norwegian Cruise Line

Holdings, Ltd. Subsidiary

27.  Bermuda Tenders, Ltd. Bermuda – Norwegian Cruise Line Holdings,

Ltd. Subsidiary

28.  Black, Hillary S. – counsel for Carnival Corporation

29.  Bloom, Honorable Beth – United States District Court Judge

30.  Bluvacanze Spa Italy – MSC Cruises S.A. Subsidiary

31.  Bohrer, Sanford L. – counsel for Royal Caribbean Cruises, Ltd.

32.  Boies Schiller Flexner LLP – counsel for Carnival Corporation

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

33. Bondi, Bradley J. – counsel for Amici Curiae U.S. Travel Association, United States Tour Operators Association, Inc., and the American Society of Travel Advisors, Inc. Supporting Defendants-Appellants

34. Breakaway Four, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

35. Breakaway One, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

36. Breakaway Three, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

37. Breakaway Two, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

38. Brilliance of the Seas Shipping Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

39. Buffett, Warren E. – shareholder of Havana Docks Corporation

40. Burck, William Anthony – counsel for Norwegian Cruise Line Holdings, Ltd.

41. Caluda, Nicholas John – counsel for Norwegian Cruise Line Holdings, Ltd.

42. Canodros CL Ecuador – Royal Caribbean Cruises Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

43.  Carnival (UK) Limited UK – Carnival Corporation Subsidiary

44.  Carnival Bahamas FC Limited Bahamas – Carnival Corporation
Subsidiary

45.  Carnival Bahamas Holdings Limited Bahamas – Carnival
Corporation Subsidiary

46.  Carnival Corporation (CCL) – Appellant

47.  Carnival Corporation & plc Asia Pte. Ltd. Singapore – Carnival
Corporation Subsidiary

48.  Carnival Corporation Hong Kong Limited Hong Kong – Carnival
Corporation Subsidiary

49.  Carnival Corporation Korea Ltd. Korea – Carnival Corporation
Subsidiary

50.  Carnival Corporation Ports Group Japan KK Japan – Carnival
Corporation Subsidiary

51.  Carnival Finance, LLC Delaware – Carnival Corporation Subsidiary

52.  Carnival Grand Bahama Investment Limited Bahamas – Carnival
Corporation Subsidiary

53.  Carnival Holdings (Bermuda) Limited Bermuda – Carnival
Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

54. Carnival Investments Limited Bahamas – Carnival Corporation Subsidiary

55. Carnival Japan, Inc. Japan – Carnival Corporation Subsidiary

56. Carnival License Holdings Limited Bahamas – Carnival Corporation Subsidiary

57. Carnival Maritime GmbH Germany – Carnival Corporation Subsidiary

58. Carnival North America LLC Florida – Carnival Corporation Subsidiary

59. Carnival PLC UK – Carnival Corporation Subsidiary

60. Carnival Port Holdings Limited UK – Carnival Corporation Subsidiary

61. Carnival Ports Inc. Florida – Carnival Corporation Subsidiary

62. Carnival Support Services India Private Limited India – Carnival Corporation Subsidiary

63. Carnival Technical Services (UK) Limited UK – Carnival Corporation Subsidiary

64. Carnival Technical Services Finland Limited Finland – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

65. Carnival Technical Services GmbH Germany – Carnival Corporation Subsidiary

66. Carnival Vanuatu Limited Vanuatu – Carnival Corporation Subsidiary

67. Casey, Stephanie A. – counsel for Havana Docks Corporation

68. CC U.S. Ventures, Inc. Delaware – Carnival Corporation Subsidiary

69. CCL Gifts, LLC Florida – Carnival Corporation Subsidiary

70. Celebrity Apex Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

71. Celebrity Cruise Lines Inc. Cayman Islands – Royal Caribbean Cruises Ltd. Subsidiary

72. Celebrity Cruises Holdings Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

73. Celebrity Cruises Inc., doing business as Celebrity Cruises Liberia – Royal Caribbean Cruises Ltd. Subsidiary

74. Celebrity Eclipse Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

75. Celebrity Edge Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

76.    Celebrity Equinox Inc. Liberia – Royal Caribbean Cruises Ltd.

    Subsidiary

77.    Celebrity Reflection Inc. Liberia – Royal Caribbean Cruises Ltd.

    Subsidiary

78.    Celebrity Silhouette Inc. Liberia – Royal Caribbean Cruises Ltd.

    Subsidiary

79.    Celebrity Solstice Inc. Liberia – Royal Caribbean Cruises Ltd.

    Subsidiary

80.    Cisalpina Tours Spa Italy – MSC Cruises S.A. Subsidiary

81.    Classic Cruises II, LLC Delaware – Norwegian Cruise Line Holdings,

    Ltd. Subsidiary

82.    Classic Cruises, LLC Delaware – Norwegian Cruise Line Holdings,

    Ltd. Subsidiary

83.    Clement & Murphy PLLC – counsel for Royal Caribbean Cruises,

    Ltd.

84.    Clement, Paul D. – counsel for Royal Caribbean Cruises, Ltd.

85.    CNS Compañia Naviera Seaside 1 SA Panama – MSC Cruises S.A.

    Subsidiary

86.    Colson Hicks Eidson – counsel for Havana Docks Corporation

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

87. Compañia Naviera Evo 1 SA Panama – MSC Cruises S.A. Subsidiary

88. Compañia Naviera Evo 2 SA Panama – MSC Cruises S.A. Subsidiary

89. Compañia Naviera Fantasia SA Panama – MSC Cruises S.A. Subsidiary

90. Compañia Naviera Meraviglia SA Panama – MSC Cruises S.A. Subsidiary

91. Compañia Naviera Musica SA Panama – MSC Cruises S.A. Subsidiary

92. Compania Naviera Ocean Cay SA Panama – MSC Cruises S.A. Subsidiary

93. Compañia Naviera Orchestra SA Panama – MSC Cruises S.A. Subsidiary

94. Compañia Naviera Pacifica S.A. Panama – MSC Cruises S.A. Subsidiary

95. Compañia Naviera Preziosa SA Panama – MSC Cruises S.A. Subsidiary

96. Compañia Naviera Seaside 2 SA Panama – MSC Cruises S.A. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

97. Compañia Naviera Serenata SA Panama – MSC Cruises S.A. Subsidiary

98. Compañia Naviera Vista 1 SA Panama – MSC Cruises S.A. Subsidiary

99. Compañia Naviera Vista 2 SA Panama – MSC Cruises S.A. Subsidiary

100. Compañia Naviera Vista 3 SA Panama – MSC Cruises S.A. Subsidiary

101. Compañia Naviera Vista 4 SA Panama – MSC Cruises S.A. Subsidiary

102. Compañia Naviera Vista 5 SA Panama – MSC Cruises S.A. Subsidiary

103. Compañia Naviera World Class 1 SA Panama – MSC Cruises S.A. Subsidiary

104. Compañia Naviera World Class 2 SA Panama – MSC Cruises S.A. Subsidiary

105. Compañia Naviera World Class 3 SA Panama – MSC Cruises S.A. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

106. Compañia Naviera World Class 4 SA Panama – MSC Cruises S.A.
     Subsidiary

107. Compañia Naviera Yc1 SA Panama – MSC Cruises S.A. Subsidiary

108. Compañia Naviera Yc2 SA Panama – MSC Cruises S.A. Subsidiary

109. Compañia Naviera Yc3 SA Panama – MSC Cruises S.A. Subsidiary

110. Compañia Naviera Yc4 SA Panama – MSC Cruises S.A. Subsidiary

111. Compañia Naviera Yc5 SA Panama – MSC Cruises S.A. Subsidiary

112. Compañia Naviera Yc6 SA Panama – MSC Cruises S.A. Subsidiary

113. Constellation Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

114. Cooke, Honorable Marcia G. – United States District Judge

115. Cooper, Jonathan Gordon – counsel for Norwegian Cruise Line
     Holdings, Ltd

116. Costa Crociere PTE Ltd. Singapore – Carnival Corporation
     Subsidiary

117. Costa Crociere S.p.A. Italy – Carnival Corporation Subsidiary

118. Costa Cruceros S.A. Argentina – Carnival Corporation Subsidiary

119. Costa Cruise Lines Inc. Florida – Carnival Corporation Subsidiary

120. Costa Cruise Lines UK Limited UK – Carnival Corporation
     Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

121. Costa Cruises Customer Center S.L.U. Spain – Carnival Corporation Subsidiary

122. Costa Cruises Shipping Services (Shanghai) Company Limited China – Carnival Corporation Subsidiary

123. Costa Cruises Travel Agency (Shanghai) Co., Ltd. China – Carnival Corporation Subsidiary

124. Costa Cruises Turkey Turizm Gelisim A.S. Turkey – Carnival Corporation Subsidiary

125. Costa Cruzeiros Agencia Maritima e Turismo Ltda. Brazil – Carnival Corporation Subsidiary

126. Costa International B.V. Netherlands – Carnival Corporation Subsidiary

127. Costa Kreuzfahrten GmbH Switzerland – Carnival Corporation Subsidiary

128. Cozumel Cruise Terminal S.A. de C.V. Mexico – Carnival Corporation Subsidiary

129. Cruise Administration Services, Inc. Philippines – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

130. Cruise Conglomerate Maritime Ltd Guernsey – MSC Cruises S.A. Subsidiary

131. Cruise Lines International Association – Amicus Curiae Supporting Defendants-Appellants

132. Cruise Quality Travel Spain SL Spain – Norwegian Cruise Line Holdings, Ltd. Subsidiary

133. Cruise Ships Catering & Services International N.V. Curacao – Carnival Corporation Subsidiary

134. Cruise Terminal Services, S.A. de C.V. Mexico – Carnival Corporation Subsidiary

135. Cruiseport Curacao C.V. Curacao – Carnival Corporation Subsidiary

136. CSMART Real Estate B.V. Netherlands – Carnival Corporation Subsidiary

137. CSMART Real Estate C.V. Netherlands – Carnival Corporation Subsidiary

138. D.R. Cruise Port, Ltd. Bahamas – Carnival Corporation Subsidiary

139. Dvoretzky, Shay – counsel for Amicus Curiae Cruise Lines International Association Supporting Defendants-Appellants

140. Elayan-Martinez, Aziza F. – counsel for Havana Docks Corporation

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

141. Ellis George Cipollone O'Brien Annaguey LLP – counsel for Havana Docks Corporation

142. Enchantment of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

143. Eurosoft Corporation Limited United Kingdom – Norwegian Cruise Line Holdings, Ltd. Subsidiary

144. Eurosoft Cruise Line (Shanghai) Co., Ltd. China – Norwegian Cruise Line Holdings, Ltd. Subsidiary

145. Explora SA Switzerland – MSC Cruises S.A. Subsidiary

146. Explorer II New Build, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

147. Explorer III New Build, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

148. Explorer New Build, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

149. Explorer of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

150. F.P.M. SAS French Polynesia – Carnival Corporation Subsidiary

151. F.P.P. SAS French Polynesia – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

152. Fields, Lazaro – counsel for Havana Docks Corporation

153. *Fisk, Daniel W. – Amicus Curiae Supporting Plaintiff-Appellee

154. Fleet Maritime Services (Bermuda) Limited Bermuda – Carnival Corporation Subsidiary

155. Fleet Maritime Services Holdings (Bermuda) Limited Bermuda – Carnival Corporation Subsidiary

156. Fleet Maritime Services International Limited Bermuda – Carnival Corporation Subsidiary

157. Foreman Friedman, PA – counsel for Amicus Curiae Cruise Lines International Association Supporting Defendants in the District Court

158. Fowler III, George J. – counsel for Carnival Corporation

159. Freedom of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

160. Freyre, Pedro A. – counsel for Carnival Corporation

161. Friedman, Darren Wayne – Counsel for Amicus Curiae Cruise Lines International Association Supporting Defendants in the District Court

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

162. Future Investments, Ltd. Bermuda – Norwegian Cruise Line

Holdings, Ltd. Subsidiary

163. Gayles, Honorable Darrin P. – United States District Court Judge

164. GG Operations Inc. Delaware – Royal Caribbean Cruises Ltd.

Subsidiary

165. Gibs, Inc. Delaware – Carnival Corporation Subsidiary

166. Global Experience Innovators, Inc. Florida – Carnival Corporation

Subsidiary

167. Global Fine Arts, Inc. Florida – Carnival Corporation Subsidiary

168. Global Fleet Management LLC Liberia – Royal Caribbean Cruises

Ltd. Subsidiary

169. Global Fleet Management Two LLC Liberia – Royal Caribbean

Cruises Ltd. Subsidiary

170. Global Shipping Service (Shanghai) Co., Ltd. China – Carnival

Corporation Subsidiary

171. Going Srl Italy – MSC Cruises S.A. Subsidiary

172. Goodman, Honorable Jonathan – United States Magistrate Judge

173. Goulette Cruise Holding Limited UK – MSC Cruises S.A. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

174. Grand Cruise Shipping Unipessoal LdA Portugal (Madeira) –

Carnival Corporation Subsidiary

175. Grand Turk Cruise Center Ltd. Turks & Caicos – Carnival

Corporation Subsidiary

176. Grandeur of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd.

Subsidiary

177. Gray, Corey P. – counsel for Carnival Corporation

178. Great Stirrup Cay Limited Bahamas – Norwegian Cruise Line

Holdings, Ltd. Subsidiary

179. Greensboro S.L. Spain – Royal Caribbean Cruises Ltd. Subsidiary

180. Gwart Srl Italy – MSC Cruises S.A. Subsidiary

181. GXI, LLC Delaware – Carnival Corporation Subsidiary

182. HAL Antillen N.V. Curacao – Carnival Corporation Subsidiary

183. HAL Beheer B.V. Netherlands – Carnival Corporation Subsidiary

184. HAL Maritime Ltd. British Virgin Islands – Carnival Corporation

Subsidiary

185. HAL Nederland N.V. Curacao – Carnival Corporation Subsidiary

186. HAL Properties Limited Bahamas – Carnival Corporation Subsidiary

187. HAL Services B.V. Netherlands – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

188. Harmony of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

189. Harper, Chadwick J. – counsel for Royal Caribbean Cruises, Ltd.

190. Harvard Law School – counsel for Amicus Curiae Cruise Lines International Association Supporting Defendants in the District Court

191. Havana Docks Corporation – Appellee

192. Hernacki, Andrew T. – counsel for MSC Cruises S.A.

193. Hoch, Dorothy – shareholder of Havana Docks Corporation

194. Hogan Lovells LLP – counsel for Norwegian Cruise Line Holdings, Ltd.

195. Holding Division Iberocruceros SLU Spain – Carnival Corporation Subsidiary

196. Holland & Knight LLP – counsel for Royal Caribbean Cruises, Ltd. and Carnival Corporation

197. Holland America Line Inc. Washington – Carnival Corporation Subsidiary

198. Holland America Line N.V. Curacao – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

199. Holland America Line U.S.A., Inc. Delaware – Carnival Corporation Subsidiary

200. Hospedagm De Pomene (Mozambique) Lda Mozambique – MSC Cruises S.A. Subsidiary

201. HSE Hamburg School of Entertainment GmbH Germany – Carnival Corporation Subsidiary

202. Ibero Cruzeiros Ltda. Brazil – Carnival Corporation Subsidiary

203. Iberocruceros SLU Spain – Carnival Corporation Subsidiary

204. Independence of the Seas Inc. – Royal Caribbean Cruises Ltd. Subsidiary

205. Infinity Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

206. Information Assistance Corporation Bermuda – Carnival Corporation Subsidiary

207. Insignia Vessel Acquisition, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

208. International Cruise Services, S.A. de C.V. Mexico – Carnival Corporation Subsidiary

209. International Leisure Travel Inc. Panama – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

210. International Maritime Recruitment Agency, S.A. de C.V. Mexico – Carnival Corporation Subsidiary

211. Island for Science, Inc. Indiana – Royal Caribbean Cruises Ltd. Subsidiary

212. Islas Galapagos Turismo y Vapores CA Ecuador – Royal Caribbean Cruises Ltd. Subsidiary

213. Jewel of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

214. *Jiménez, Marcos Daniel – counsel for Amicus Curiae Daniel W. Fisk

215. Johnson, Jerry M. – director of Havana Docks Corporation

216. Jones Day – counsel for Amicus Curiae Peter Kucik Supporting Defendants-Appellants

217. Jones Walker, LLP – counsel for Carnival Corporation

218. Kats, Vitaliy – counsel for Amici Curiae U.S. Travel Association, United States Tour Operators Association, Inc., and the American Society of Travel Advisors, Inc. Supporting Defendants-Appellants

219. Klingler, Richard – counsel for Havana Docks Corporation

220. Kroeger, Thomas A. – counsel for Havana Docks Corporation

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

221.   Krystalsea Limited British Virgin Islands – Norwegian Cruise Line

         Holdings, Ltd. Subsidiary

222.   Kucik, Peter – Amicus Curiae Supporting Defendants-Appellants

223.   Kwazulu Cruise Terminal (Pty) Ltd South Africa – MSC Cruises S.A.

         Subsidiary

224.   Labadee Investments Ltd. Cayman Islands – Royal Caribbean

         Cruises Ltd. Subsidiary

225.   Landau, Christopher – counsel for Havana Docks Corporation

226.   *León Cosgrove Jiménez, LLP – counsel for Amicus Curiae Daniel W.

         Fisk

227.   Leonardo Five, Ltd. Bermuda – Norwegian Cruise Line Holdings,

         Ltd. Subsidiary

228.   Leonardo Four, Ltd. Bermuda – Norwegian Cruise Line Holdings,

         Ltd. Subsidiary

229.   Leonardo One, Ltd. Bermuda – Norwegian Cruise Line Holdings,

         Ltd. Subsidiary

230.   Leonardo Six, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd.

         Subsidiary

231. Leonardo Three, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

232. Leonardo Two, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

233. Li, Vincent – counsel for Havana Docks Corporation

234. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

235. Liberty of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

236. Lindsay III, Alvin F. – counsel for Norwegian Cruise Line Holdings, Ltd.

237. Lioli, Samuel V. – counsel for Amicus Curiae Peter Kucik Supporting Defendants-Appellants

238. Lipshultz, Zachary A. –counsel for Havana Docks Corporation

239. Lipshutz, Brian M. – counsel for Carnival Corporation

240. Llamas, Luis Emilio – counsel for Carnival Corporation

241. Loeb, Robert – counsel for MSC Cruises S.A. CO.; MSC Cruises (USA), Inc.; MSC Cruises, S.A.

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

242. Longoria-Green, Carmen N. – counsel for Amicus Curiae The Chamber of Commerce of the United States of America Supporting Defendants-Appellants

243. Lorenzo, Richard C. – counsel for Norwegian Cruise Line Holdings, Ltd.

244. Louis, Honorable Lauren F. – United States Magistrate Judge

245. Lutz, Zachary P. – counsel for Norwegian Cruise Line Holdings, Ltd

246. MacArthur Trust – shareholder of Havana Docks Corporation

247. Maderal, Francisco – former counsel for Havana Docks Corporation

248. Manhas, Robbie – counsel for MSC Cruises S.A. Co., MSC Cruises (USA), Inc.; MSC Cruises, S.A.

249. Marcus, Steven – counsel for Amicus Curiae Cruise Lines International Association Supporting Defendants-Appellants

250. Margol & Margol, P.A. – counsel for Havana Docks Corporation

251. Margol, Rodney S. – counsel for Havana Docks Corporation (now at Spohrer Dodd Trial Attorneys)

252. Marina New Build, LLC Republic of the Marshall Islands – Norwegian Cruise Line Holdings, Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

253.  Mariner of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd.

       Subsidiary

254.  Mariner, LLC Republic of the Marshall Islands – Norwegian Cruise

       Line Holdings, Ltd. Subsidiary

255.  Marseille Provence Cruise Terminal SAS France – MSC Cruises S.A.

       Subsidiary

256.  Martinez, Honorable Jose E. – United States District Court Judge

257.  Martinez, Roberto – counsel for Havana Docks Corporation

258.  Massey & Gail LLP – counsel for Amicus Curiae Cruise Lines

       International Association Supporting Defendants in the District

       Court

259.  Massey, Jonathan S. – counsel for Amicus Curiae Cruise Lines

       International Association Supporting Defendants in the District

       Court

260.  Mayer Brown LLP – counsel for Amicus Curiae The Chamber of

       Commerce of the United States of America Supporting Defendants-

       Appellants

261.  McAliley, Honorable Chris M. – United States Magistrate Judge

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

262. Mediterranean Cruises Travel Agency (Shanghai) Co Ltd China –

MSC Cruises S.A. Subsidiary

263. Michel, Christopher – counsel for Norwegian Cruise Line Holdings,

Ltd

264. Milestone N.V. Curacao – Carnival Corporation Subsidiary

265. Millennium Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

266. Moriceau, Alisha – counsel for Carnival Corporation

267. Msc Crewing Services Philippines Philippines – MSC Cruises S.A.

Subsidiary

268. MSC Cruceros SA Argentina – MSC Cruises S.A. Subsidiary

269. MSC Cruceros SA Spain – MSC Cruises S.A. Subsidiary

270. MSC Cruise Management (UK) Ltd UK – MSC Cruises S.A.

Subsidiary

271. MSC Cruises (Australia) Pty Ltd Australia – MSC Cruises S.A.

Subsidiary

272. MSC Cruises (Canada) Ltd Canada – MSC Cruises S.A. Subsidiary

273. MSC Cruises (Ireland) Ltd Ireland – MSC Cruises S.A. Subsidiary

274. MSC Cruises (USA) Inc USA – MSC Cruises S.A. Subsidiary

275. MSC Cruises (USA) Inc. – Appellant

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

276. MSC Cruises Asia Company Ltd China – MSC Cruises S.A.
Subsidiary

277. MSC Cruises Barcelona Terminal SL Spain – MSC Cruises S.A.
Subsidiary

278. MSC Cruises Belgium NV Belgium – MSC Cruises S.A. Subsidiary

279. MSC Cruises Gmbh Germany – MSC Cruises S.A. Subsidiary

280. MSC Cruises Japan Ltd Japan – MSC Cruises S.A. Subsidiary

281. MSC Cruises Limited UK – MSC Cruises S.A. Subsidiary

282. MSC Cruises Ltd Cyprus – MSC Cruises S.A. Subsidiary

283. MSC Cruises S.A. Co. – Appellant

284. MSC Cruises Scandinavia AB Sweden – MSC Cruises S.A.
Subsidiary

285. MSC Cruises Ship Management (Shanghai) Ltd China – MSC
Cruises S.A. Subsidiary

286. MSC Cruises Shipping Service (Shanghai) Ltd China – MSC Cruises
S.A. Subsidiary

287. MSC Cruises The Netherlands BV Netherlands – MSC Cruises S.A.
Subsidiary

288. MSC Cruises, S.A. – Appellant

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

289. MSC Cruzeiros Do Brasil Ltda Brazil – MSC Cruises S.A. Subsidiary

290. MSC Cruzeiros SA Portugal – MSC Cruises S.A. Subsidiary

291. MSC Food & Beverage Division Spa Italy – MSC Cruises S.A. Subsidiary

292. MSC Italcatering Do Brasil Ltda Brazil – MSC Cruises S.A. Subsidiary

293. MSC Kreuzfahrten (Austria) Gmbh Austria – MSC Cruises S.A. Subsidiary

294. MSC Kreuzfahrten AG Switzerland – MSC Cruises S.A. Subsidiary

295. MSC Krstarenja Doo Croatia – MSC Cruises S.A. Subsidiary

296. MSC Kruvaziyer Turizm AS Turkey – MSC Cruises S.A. Subsidiary

297. MSC Logistics (Mozambique) Ltd Mozambique – MSC Cruises S.A. Subsidiary

298. Msc Malta Seafarers Company Ltd Malta – MSC Cruises S.A. Subsidiary

299. MSC Mediagrafica Srl Italy – MSC Cruises S.A. Subsidiary

300. MSC Miami Cruise Terminal LLC USA – MSC Cruises S.A. Subsidiary

301. MSC Ocean Cay Ltd Bahamas – MSC Cruises S.A. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

302.  MSC Starlight Cruises Pty Ltd South Africa – MSC Cruises S.A.
      Subsidiary

303.  Munyan, Katherine – counsel for MSC Cruises S.A. CO.; MSC
      Cruises (USA), Inc.; MSC Cruises, S.A.

304.  Musica Cruise Limited UK – MSC Cruises S.A. Subsidiary

305.  Nautica Acquisition, LLC Delaware – Norwegian Cruise Line
      Holdings, Ltd. Subsidiary

306.  Navigator of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd.
      Subsidiary

307.  Navigator Vessel Company, LLC Delaware – Norwegian Cruise Line
      Holdings, Ltd. Subsidiary

308.  Navitrans S.R.L. Italy – Carnival Corporation Subsidiary

309.  NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line Bermuda –
      Norwegian Cruise Line Holdings, Ltd. Subsidiary

310.  NCL (Guernsey) Limited Guernsey – Norwegian Cruise Line
      Holdings, Ltd. Subsidiary

311.  NCL America Holdings, LLC Delaware – Norwegian Cruise Line
      Holdings, Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

312. NCL America LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

313. NCL Australia Pty Ltd. Australia – Norwegian Cruise Line Holdings, Ltd. Subsidiary

314. NCL Construction Corp., Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

315. NCL Corporation Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

316. NCL Cruises Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

317. NCL Emerald Corporation, Limited Ireland – Norwegian Cruise Line Holdings, Ltd. Subsidiary

318. NCL Finance, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

319. NCL HK Holding, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

320. NCL Holding AS Norway – Norwegian Cruise Line Holdings, Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

321. NCL Hong Kong Limited Hong Kong – Norwegian Cruise Line Holdings, Ltd. Subsidiary

322. NCL International, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

323. NCL Japan KK Japan – Norwegian Cruise Line Holdings, Ltd. Subsidiary

324. NCL Singapore Pte. Ltd. Singapore – Norwegian Cruise Line Holdings, Ltd. Subsidiary

325. NCL UK IP CO LTD UK – Norwegian Cruise Line Holdings, Ltd. Subsidiary

326. NCL US IP CO 1, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

327. NCL US IP CO 2, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

328. NCLC Investments Canada Ltd. Canada – Norwegian Cruise Line Holdings, Ltd. Subsidiary

329. NCLM Limited Malta – Norwegian Cruise Line Holdings, Ltd. Subsidiary

Nos. 23-10151 & 23-10171,

*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

330. Nelson, Timothy G. – counsel for Amicus Curiae Cruise Lines

International Association Supporting Defendants-Appellants

331. Nemeroff, Justin B. – counsel for MSC Cruises S.A.

332. New Co Armonia SA Panama – MSC Cruises S.A. Subsidiary

333. New Co Lirica SA Panama – MSC Cruises S.A. Subsidiary

334. New Co Opera SA Panama – MSC Cruises S.A. Subsidiary

335. New Co S32 SA Panama – MSC Cruises S.A. Subsidiary

336. New Co Sinfonia SA Panama – MSC Cruises S.A. Subsidiary

337. Norford, Elizabeth – counsel for Carnival Corporation

338. Norwegian Carnival Ltd United Kingdom – Norwegian Cruise Line

Holdings, Ltd. Subsidiary

339. Norwegian Compass Ltd. United Kingdom – Norwegian Cruise Line

Holdings, Ltd. Subsidiary

340. Norwegian Cruise Co. Inc. Delaware – Norwegian Cruise Line

Holdings, Ltd. Subsidiary

341. Norwegian Cruise Line Agéncia de Viagens Ltda. Brazil – Norwegian

Cruise Line Holdings, Ltd. Subsidiary

342. Norwegian Cruise Line Group Italy S.r.l. Italy – Norwegian Cruise

Line Holdings, Ltd. Subsidiary

Nos. 23-10151 & 23-10171,

*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

343. Norwegian Cruise Line Group UK Limited (formerly Prestige Cruise Services (Europe) Limited) United Kingdom – Norwegian Cruise Line Holdings, Ltd. Subsidiary

344. Norwegian Cruise Line Holdings, Ltd. (NCLH) – Appellant

345. Norwegian Cruise Line India Private Limited India – Norwegian Cruise Line Holdings, Ltd. Subsidiary

346. Norwegian Dawn Limited Isle of Man – Norwegian Cruise Line Holdings, Ltd. Subsidiary

347. Norwegian Epic, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

348. Norwegian Gem, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

349. Norwegian Jewel Limited Isle of Man – Norwegian Cruise Line Holdings, Ltd. Subsidiary

350. Norwegian Pearl, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

351. Norwegian Sextant Ltd. United Kingdom – Norwegian Cruise Line Holdings, Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

352. Norwegian Sky, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

353. Norwegian Spirit, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

354. Norwegian Star Limited Isle of Man – Norwegian Cruise Line Holdings, Ltd. Subsidiary

355. Norwegian Sun Limited Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

356. Norwegian USCRA, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

357. Nualy Investments Inc Panama – MSC Cruises S.A. Subsidiary

358. Class Plus One, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

359. Class Plus Two, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

360. Oasis of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

361. Ocean Bahamas Innovation Ltd. Bahamas – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

362.  Ocean Medallion Fulfillment, Ltd. Bahamas – Carnival Corporation

Subsidiary

363.  Oceanadventures S.A. Ecuador – Royal Caribbean Cruises Ltd.

Subsidiary

364.  Oceania Cruises S. de R.L. (formerly Oceania Cruises, Inc.) Panama –

Norwegian Cruise Line Holdings, Ltd. Subsidiary

365.  OCI Finance Corp. Delaware – Norwegian Cruise Line Holdings, Ltd.

Subsidiary

366.  Odds On Gaming Corporation Delaware – Carnival Corporation

Subsidiary

367.  Odyssey of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd.

Subsidiary

368.  Oliu, Pascual A. – counsel for Carnival Corporation

369.  Operadora Catalina S.r.L. Dominican Republic – Carnival

Corporation Subsidiary

370.  Orrick, Herrington & Sutcliffe LLP – counsel for MSC Cruises S.A.

371.  Otazo-Reyes, Honorable Alicia M. – United States Magistrate Judge

372.  Ovation of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd.

Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

373. P&O Princess American Holdings UK – Carnival Corporation Subsidiary

374. P&O Princess Cruises International Limited UK – Carnival Corporation Subsidiary

375. P&O Princess Cruises Pension Trustee Limited UK – Carnival Corporation Subsidiary

376. P&O Properties (California), Inc. California – Carnival Corporation Subsidiary

377. P&O Travel Limited UK – Carnival Corporation Subsidiary

378. Palumbo Malta Shipyard Limited Malta – MSC Cruises S.A. Subsidiary

379. Palumbo Shipyard Limited Malta – MSC Cruises S.A. Subsidiary

380. Paul Hastings, LLP – counsel for Amici Curiae U.S. Travel Association, United States Tour Operators Association, Inc., and the American Society of Travel Advisors, Inc. Supporting Defendants-Appellants

381. Paul, Weiss, Rifkind, Wharton & Garrison LLP – counsel for Carnival Corporation

382. Pegg, Allen P. – counsel for Norwegian Cruise Line Holdings, Ltd.

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

383. Pettlier, Romain Le – shareholder of Havana Docks Corporation

384. Piccapietra Finance S.r.l. Italy – Carnival Corporation Subsidiary

385. Ponce, Scott D. – counsel for Royal Caribbean Cruises, Ltd. And Carnival Corporation

386. Prestige Cruise Holdings S. de R.L. (formerly Prestige Cruise Holdings, Inc.) Panama – Norwegian Cruise Line Holdings, Ltd. Subsidiary

387. Prestige Cruise Services LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

388. Prestige Cruises Air Services, Inc. Florida – Norwegian Cruise Line Holdings, Ltd. Subsidiary

389. Prestige Cruises International S. de R.L. (formerly Prestige Cruises International, Inc.) Panama – Norwegian Cruise Line Holdings, Ltd. Subsidiary

390. Prestige Cruises Management S.A.M. Monaco – Carnival Corporation Subsidiary

391. Prestige Cruises N.V. Curacao – Carnival Corporation Subsidiary

392. Preziosa Cruise Limited UK – MSC Cruises S.A. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

393. Pride of America Ship Holding, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

394. Pride of Hawaii, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

395. Princess Bermuda Holdings, Ltd. Bermuda – Carnival Corporation Subsidiary

396. Princess Cays Ltd. Bahamas – Carnival Corporation Subsidiary

397. Princess Cruise Corporation Inc. Panama – Carnival Corporation Subsidiary

398. Princess Cruise Lines, Ltd. Bermuda – Carnival Corporation Subsidiary

399. Princess Cruises and Tours, Inc. Delaware – Carnival Corporation Subsidiary

400. Princess U.S. Holdings, Inc. California – Carnival Corporation Subsidiary

401. Proctor, Ryan M – counsel for Amicus Curiae Peter Kucik Supporting Defendants-Appellants

402. Quantum of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

403.  Quinn Emanuel Urquhart & Sullivan, LLP – counsel for Norwegian Cruise Line Holdings, Ltd

404.  Radiance of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

405.  RCI Holdings LLC Liberia – Royal Caribbean Cruises Ltd. Subsidiary

406.  RCL (UK) Ltd. – Royal Caribbean Cruises Ltd. Subsidiary England and Wales

407.  RCL Cruise Holdings LLC Liberia – Royal Caribbean Cruises Ltd. Subsidiary

408.  RCL Cruises Ltd. – Royal Caribbean Cruises Ltd. Subsidiary England and Wales

409.  RCL GEO LLC Florida – Royal Caribbean Cruises Ltd. Subsidiary

410.  RCL Holdings Cooperatief U.A. Netherlands – Royal Caribbean Cruises Ltd. Subsidiary

411.  RCL Horizon LLC Liberia – Royal Caribbean Cruises Ltd. Subsidiary

412.  RCL Investments Ltd. – Royal Caribbean Cruises Ltd. Subsidiary England and Wales

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

413. RCL Monarch LLC Liberia – Royal Caribbean Cruises Ltd. Subsidiary

414. RCL New Vessel Holding Company LLC Liberia – Royal Caribbean Cruises Ltd. Subsidiary

415. RCL Sovereign LLC Liberia – Royal Caribbean Cruises Ltd. Subsidiary

416. RCL TUI Cruises German Holding GmbH & Co. KG Germany – Royal Caribbean Cruises Ltd. Subsidiary

417. RCL Worldwide (Hong Kong) Limited Hong Kong – Royal Caribbean Cruises Ltd. Subsidiary

418. RCL Worldwide Ltd. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

419. RCL Zenith LLC Liberia – Royal Caribbean Cruises Ltd. Subsidiary

420. RCT Maintenance & Related Services S.A. Honduras – Carnival Corporation Subsidiary

421. RCT Pilots & Related Services, S.A. Honduras – Carnival Corporation Subsidiary

422. RCT Security & Related Services S.A. Honduras – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

423. Regatta Acquisition, LLC Delaware – Norwegian Cruise Line

Holdings, Ltd. Subsidiary

424. Rhapsody of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd.

Subsidiary

425. Rider-Longmaid, Parker – counsel for Amicus Curiae Cruise Lines

International Association Supporting Defendants-Appellants

426. Riviera New Build, LLC Republic of the Marshall Islands –

Norwegian Cruise Line Holdings, Ltd. Subsidiary

427. Roatan Cruise Terminal S.A. de C.V. Honduras – Carnival

Corporation Subsidiary

428. Rosenkranz, E. Joshua – counsel for MSC Cruises S.A.

429. Rowen, Matthew D. – counsel for Royal Caribbean Cruises, Ltd.

430. Royal Caribbean Cruise Lines AS Norway – Royal Caribbean Cruises

Ltd. Subsidiary

431. Royal Caribbean Cruises (Asia) Pte. Ltd. Singapore – Royal

Caribbean Cruises Ltd. Subsidiary

432. Royal Caribbean Cruises Services (China) Company Limited China –

Royal Caribbean Cruises Ltd. Subsidiary

433. Royal Caribbean Cruises, Ltd. (RCL) – Appellant

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

434.  Royal Hyway Tours, Inc. Alaska – Carnival Corporation Subsidiary

435.  Saieh, Sabrina S. – counsel for Havana Docks Corporation

436.  Saladrigas, Caitlin F. – counsel for Royal Caribbean Cruises, Ltd.

437.  Santa Cruz Terminal, S.L. Spain – Carnival Corporation Subsidiary

438.  Schultz, Meredith L. – counsel for Carnival Corporation

439.  Seabourn Cruise Line Limited Bermuda – Carnival Corporation Subsidiary

440.  Seahawk One, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

441.  Seahawk Two, Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd. Subsidiary

442.  SeaVacations Limited UK – Carnival Corporation Subsidiary

443.  SeaVacations UK Limited UK – Carnival Corporation Subsidiary

444.  Serenade of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

445.  Seven Seas Cruises S. de R.L. Panama – Norwegian Cruise Line Holdings, Ltd. Subsidiary

446.  SG Cruises GmbH Switzerland – Royal Caribbean Cruises Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

447. SG Expeditions Cyprus Limited Cyprus – Royal Caribbean Cruises Ltd. Subsidiary

448. SG Expeditions SAGL Switzerland – Royal Caribbean Cruises Ltd. Subsidiary

449. Shaffer, Derek L. – counsel for Norwegian Cruise Line Holdings, Ltd

450. Shanghai Coast Cruise Consulting Co. Lda China – Carnival Corporation Subsidiary

451. Shanmugam, Kannon K. – counsel for Carnival Corporation

452. Ship Care (Bahamas) Limited Bahamas – Carnival Corporation Subsidiary

453. Silver Cloud Shipping Co. Ltd. Bahamas – Royal Caribbean Cruises Ltd. Subsidiary

454. Silver Muse Shipping Co. Ltd. Bahamas – Royal Caribbean Cruises Ltd. Subsidiary

455. Silver Shadow Shipping Co. Ltd. Bahamas – Royal Caribbean Cruises Ltd. Subsidiary

456. Silver Spirit Shipping Co. Ltd. Bahamas – Royal Caribbean Cruises Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

457. Silver Wind Shipping Ltd. Bahamas – Royal Caribbean Cruises Ltd. Subsidiary

458. Silversea Cruise Finance Ltd. Bahamas – Royal Caribbean Cruises Ltd. Subsidiary

459. Silversea Cruise Holding Ltd. Bahamas – Royal Caribbean Cruises Ltd. Subsidiary

460. Silversea Cruises (Europe) Ltd. England and Wales – Royal Caribbean Cruises Ltd. Subsidiary

461. Silversea Cruises (UK) Ltd. England and Wales – Royal Caribbean Cruises Ltd. Subsidiary

462. Silversea Cruises Australia Pty. Ltd. Australia – Royal Caribbean Cruises Ltd. Subsidiary

463. Silversea Cruises Canada Ltd. Canada – Royal Caribbean Cruises Ltd. Subsidiary

464. Silversea Cruises Ltd. Bahamas – Royal Caribbean Cruises Ltd. Subsidiary

465. Silversea Cruises South Africa Pty. Ltd. South Africa – Royal Caribbean Cruises Ltd. Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

466. Silversea New Build Seven Ltd. Bahamas – Royal Caribbean Cruises
Ltd. Subsidiary

467. Silversea RCL Holdings LLC Liberia – Royal Caribbean Cruises Ltd.
Subsidiary

468. Silversea SAM Monaco – Royal Caribbean Cruises Ltd. Subsidiary

469. Singer, Stuart H. – counsel for Carnival Corporation

470. Sirena Acquisition Cayman Islands – Norwegian Cruise Line
Holdings, Ltd. Subsidiary

471. Sitmar Cruises Inc. Panama – Carnival Corporation Subsidiary

472. Sixthman Ltd. Bermuda – Norwegian Cruise Line Holdings, Ltd.
Subsidiary

473. Skadden, Arps, Slate, Meagher & Flom, LLP - counsel for Amicus
Curiae Cruise Lines International Association Supporting
Defendants-Appellants

474. SNC Fantasia Bail France – MSC Cruises S.A. Subsidiary

475. SNC Splendida Bail France – MSC Cruises S.A. Subsidiary

476. Societe Labadee Nord, S.A. Haiti – Royal Caribbean Cruises Ltd.
Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

477. Spanish Cruise Services N.V. Curacao – Carnival Corporation

Subsidiary

478. Spectrum of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd.

Subsidiary

479. Spezia & Carrara Cruise Terminal Srl Italy – MSC Cruises S.A.

Subsidiary

480. Spohrer Dodd Trial Attorneys – counsel for Havana Docks

Corporation

481. SSC Finance Corp. Delaware – Norwegian Cruise Line Holdings, Ltd.

Subsidiary

482. Stander, Robert N. – counsel for Amicus Curiae Peter Kucik

Supporting Defendants-Appellants

483. Sullivan, Kathleen M. – counsel for Norwegian Cruise Line Holdings,

Ltd

484. Summit Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

485. Sun Princess II Limited Bermuda – Carnival Corporation Subsidiary

486. Sun Princess Limited Bermuda – Carnival Corporation Subsidiary

487. Sunshine Shipping Corporation Ltd. Bermuda – Carnival

Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

488. Super, John – counsel for Norwegian Cruise Line Holdings, Ltd.

489. Symphony of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

490. T&T International, Inc. Texas – Carnival Corporation Subsidiary

491. Tager, Evan M. – counsel for Amicus Curiae The Chamber of Commerce of the United States of America Supporting Defendants-Appellants

492. Taormina, Benjamin A. – counsel for Royal Caribbean Cruises, Ltd.

493. Terminal De Cruceros Punta Del Este SA Uruguay – MSC Cruises S.A. Subsidiary

494. The Chamber of Commerce of the United States of America – Amicus Curiae Supporting Defendants-Appellants

495. Torcatt Enterprises Limitada Costa Rica – Royal Caribbean Cruises Ltd. Subsidiary

496. Tour Alaska, LLC Delaware – Carnival Corporation Subsidiary

497. Transnational Services Corporation Panama – Carnival Corporation Subsidiary

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

498. Tribe, Laurence H. – counsel for Amicus Curiae Cruise Lines International Association Supporting Defendants in the District Court

499. Trident Insurance Company Ltd. Bermuda – Carnival Corporation Subsidiary

500. Trieste Adriatic Maritime Initiatives Srl Italy – MSC Cruises S.A. Subsidiary

501. U.S. Travel Association – Amicus Curiae Supporting Defendants-Appellants

502. United States Tour Operators Association, Inc. – Amicus Curiae Supporting Defendants-Appellants

503. Venable LLP – counsel for Defendant-Appellant MSC Cruises S.A.

504. Venezia Investimenti Srl Italy – MSC Cruises S.A. Subsidiary

505. Vice, Abigail Frisch – counsel for Carnival Corporation

506. Vision of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

507. Von Bokern, Jordan L. – counsel for Amicus Curiae The Chamber of Commerce of the United States of America Supporting Defendants-Appellants

Nos. 23-10151 & 23-10171,
*Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

508.  Voyager of the Seas Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

509.  Voyager Vessel Company, LLC Delaware – Norwegian Cruise Line Holdings, Ltd. Subsidiary

510.  Wang, Jonas – counsel for MSC Cruises S.A. CO.; MSC Cruises (USA), Inc.; MSC Cruises, S.A.

511.  West Sicily Gates Srl Italy – MSC Cruises S.A. Subsidiary

512.  Westmark Hotels of Canada, Ltd. Canada – Carnival Corporation Subsidiary

513.  Westmark Hotels, Inc. Alaska – Carnival Corporation Subsidiary

514.  Whisper SpA Italy – Royal Caribbean Cruises Ltd. Subsidiary

515.  Whitaker, Walter H. – shareholder of Havana Docks Corporation

516.  White Sand Inc. Liberia – Royal Caribbean Cruises Ltd. Subsidiary

517.  World Leading Cruise Management (Shanghai) Co., Ltd. China – Carnival Corporation Subsidiary

518.  XP Tours S.A. Ecuador – Royal Caribbean Cruises Ltd. Subsidiary

## RULE 35 STATEMENT

I express a belief, based on a reasoned and studied professional judgment, that the divided panel decision in this case conflicts with *Glen v. Club Méditerranée, S.A.*, 450 F.3d 1251 (11th Cir. 2006), and involves the following question of exceptional importance: Whether the LIBERTAD Act imposes liability for trafficking in property that the plaintiff *hypothetically* would have owned had the Cuban government not confiscated it, as opposed to property that the plaintiff *actually* owned at the time of confiscation and reflected in a claim against the Cuban government.

Christopher Landau
Attorney of Record for Plaintiff-Appellee
Havana Docks Corporation

# TABLE OF CONTENTS

**Page**

RULE 35 STATEMENT ............................................................i

TABLE OF AUTHORITIES ....................................................iii

INTRODUCTION.................................................................. 1

STATEMENT OF THE ISSUE WARRANTING REHEARING .............. 3

STATEMENT OF THE FACTS AND THE CASE ................................. 4

ARGUMENT ........................................................................ 8

    Rehearing Is Warranted Because The Panel Majority Upended The LIBERTAD Act By Requiring Plaintiffs To Prove That, Absent Confiscation, They Hypothetically Would Have Owned The Confiscated Property At The Time Of Trafficking.. ..................................................................... 8

CONCLUSION .................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Garcia-Bengochea v. Carnival Corp.*,
   57 F.4th 916 (11th Cir. 2023) (*per curiam*) .........................................7

*\*Glen v. Club Méditerranée, S.A.*,
   450 F.3d 1251 (11th Cir. 2006)..................... i, 1, 2, 3, 7, 8, 9, 11, 15, 16

*Havana Docks Corp. v. Carnival Corp.*,
   No. 19-cv-21724, 2022 WL 391707 (S.D. Fla. Aug. 31, 2022) .............6

*Havana Docks Corp. v. Carnival Corp.*,
   592 F. Supp. 3d 1088 (S.D. Fla. 2022)............................................6, 16

*Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*,
   454 F. Supp. 3d 1259 (S.D. Fla. 2020)................................................16

*Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*,
   431 F. Supp. 3d 1375 (S.D. Fla. 2020)................................................16

*Havana Docks Corp. v. MSC Cruises SA Co.*,
   431 F. Supp. 3d 1367 (S.D. Fla. 2020)................................................16

**Constitution**

U.S. Const. art. I, § 8, cl. 3 ........................................................................1

**Statutes**

International Claims Settlement Act of 1949,
   Pub. L. No. 81-455, 64 Stat. 12 (Mar. 10, 1950),
   *codified at* 22 U.S.C. § 1621 *et seq.*............................................4, 9, 11

   22 U.S.C. § 1622g............................................................................9, 11

   22 U.S.C. § 1623(h) .........................................................................9, 11

   22 U.S.C. § 1643.....................................................................................4

iii

*Cuban Liberty and Democratic Solidarity (LIBERTAD) Act,
Pub. L. No. 104-114, 110 Stat. 785 (Mar. 12, 1996),
*codified at* 22 U.S.C. § 6021 *et seq.* ............................................ *passim*

22 U.S.C. § 6023(4)(A) ........................................................................ 15

22 U.S.C. § 6023(12) ............................................................................ 11

22 U.S.C. § 6023(13)(A) .................................................................... 9, 10

22 U.S.C. § 6066(6) .............................................................................. 15

22 U.S.C. § 6081(6) ........................................................................... 6, 19

22 U.S.C. § 6081(11) ......................................................................... 6, 19

22 U.S.C. § 6082(a)(1)(A) ............................................................ 9, 10, 16

22 U.S.C. § 6082(a)(1)(A)(i)(I) ........................................................... 19

22 U.S.C. § 6082(a)(3)(C)(ii) ............................................................... 19

22 U.S.C. § 6082(a)(4)(B) ........................................................... 9, 10, 16

22 U.S.C. § 6083(a)(1) ..................................................................... 9, 11

22 U.S.C. § 6085(c)(1)(B) ..................................................................... 6

22 U.S.C. §§ 6081-85 (Title III) ........... 6, 8, 9, 10, 11, 12, 15, 16, 17, 19

35 U.S.C. § 154 (1960) ......................................................................... 13

## INTRODUCTION

The divided panel decision in this case (Tab A) contradicts not only the plain language and express purposes of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 (Tab B), and this Court's decision in *Glen v. Club Méditerranée, S.A.*, 450 F.3d 1251 (11th Cir. 2006), but U.S. policy toward Cuba. If there's one area where Congress has actively exercised its plenary constitutional authority under the Foreign Commerce Clause over the past three decades, it's the U.S. economic relationship with Cuba. Congress carefully chose its words in promulgating a highly detailed statutory regime that governs every aspect of that relationship, and prohibits any economic activity unless expressly authorized by law.

The LIBERTAD Act not only codified and strengthened the longstanding U.S. economic embargo of Cuba, but also created a private cause of action for any U.S. national who holds a claim to property confiscated by the Communist Cuban regime against any person who knowingly and intentionally uses that property in commerce (*i.e.*, "traffics in" that property) without the claimant's authorization. By definition, no victim of such confiscation still holds any possessory

interest in the property at the time of trafficking. To the contrary, as this Court recognized in *Glen*, the confiscation extinguished any such property interests, which Congress then replaced with claims against the Cuban government. Such claims thus reflect the claimant's property *at the time of confiscation*. Until satisfied, the claims continue to encumber the confiscated property reflected therein. The LIBERTAD Act, in turn, created a private cause of action for the holders of such claims to sue those who traffic in the encumbered properties.

The panel majority upended this intricate statutory scheme, and held—avowedly based on policy concerns, and without textual support— that courts must "view the property interest at issue in a [LIBERTAD Act] action as if there had been no expropriation and then determine whether the alleged conduct constituted trafficking in that interest." Maj. 21. As Judge Brasher explained in dissent, this "counterfactual analysis—asking what would have happened to [the plaintiff's property] if [it] had not been confiscated in 1960—is incompatible with the text of the Act and undermines its remedial purpose." Diss. 2. "Nothing in the statute requires that a claimant establish that, absent the confiscation, it would have a current, present day property interest in its stolen

2

property." *Id.* Indeed, no claimant could possibly know or prove what would have happened to the property in such an alternate universe.

By grafting onto the statute a hypothetical "but for the confiscation" inquiry, the panel majority effectively nullified the Act's private cause of action and Congress' careful scheme governing U.S. economic relations with Cuba. The ramifications are particularly consequential here in the Eleventh Circuit, which for manifest geographic, demographic, and economic reasons has long been the epicenter of legal developments involving the U.S.-Cuba relationship. If this Court is to jettison *Glen* and rewrite the LIBERTAD Act, it should be with the knowledge and approval of the whole Court, not a divided panel. Accordingly, rehearing is warranted.

## STATEMENT OF THE ISSUE WARRANTING REHEARING

Whether the LIBERTAD Act imposes liability for trafficking in property that the plaintiff *hypothetically* would have owned had the Cuban government not confiscated it, as opposed to property that the plaintiff *actually* owned at the time of confiscation and reflected in a claim against the Cuban government.

## STATEMENT OF THE FACTS AND THE CASE

Plaintiff Havana Docks Corporation, an American company, built and operated the docks in Havana harbor (which remain in use today) in exchange for a 99-year usufructuary concession. Maj. 3, 9-13. The "usufruct" (a civil-law concept) allowed Havana Docks to receive the economic benefits (fruits) of the physical property during that period. *Id.* at 10-11. The concession further provided that, if the Cuban government expropriated the works during that period, the government "shall indemnify the concession holder for the value of all works built by the latter." *Id.* at 10 n.2.

Communist revolutionaries seized control of Cuba in 1959, and the new government confiscated the property of U.S. nationals, including Havana Docks, the following year. *Id.* at 13. Like other victims of these confiscations, Havana Docks has never received any compensation. *Id.*

Congress, however, allowed victims who were U.S. nationals to file claims with the Foreign Claims Settlement Commission "for the determination of the amount and validity of claims against the Government of Cuba." 22 U.S.C. § 1643. Havana Docks filed such a claim in the 1960s. Maj. 14. In certifying the claim, the Commission

4

determined that the Cuban government had confiscated the company's property consisting of "a concession for the construction and operation of wharves and warehouses in the harbor of Havana," including "the real property with all improvements and appurtenances" located on the block where the terminal is located and from which the piers extend. The Commission recognized that these concession rights were not perpetual, as they "were to expire in the year 2004" had they not been confiscated in 1960. Mindful of that anticipated (but mooted) expiration, the Commission valued Havana Docks' claim at more than $9 million at the time of confiscation. Maj. 15. (Adjusted for inflation, that certified amount is tantamount to just under $100 million as of September 2024. *See* U.S. Bureau of Labor Statistics, *CPI Inflation Calculator* <https://tinyurl.com/yzm5stjr>.)

Congress enacted the LIBERTAD Act in the 1990s to, among other things, give the holders of such claims a private cause of action against those who prop up the Cuban government by trafficking in the property described in the claims. The Act thereby seeks to achieve the related objectives of (1) deterring companies from doing business in Cuba and bolstering its repressive regime, (2) creating the possibility of

compensation for the claimants, and (3) ensuring that companies would not unjustly profit from exploiting confiscated property without the claimant's authorization. *See* 22 U.S.C. §§ 6081(6), (11). Although this private cause of action (set forth in Title III of the Act) was suspended for many years by Presidential decree, *see id.* § 6085(c)(1)(B), that suspension lapsed in May 2019. Maj. 2.

Havana Docks thereafter filed these consolidated lawsuits against four cruise lines that, with actual knowledge of Havana Docks' certified claim, moored their ships and disembarked their passengers from 2015 to 2019 on the very same piers in the very same terminal described in the claim. The district court (Bloom, J.) granted Havana Docks summary judgment, concluding that the uncontested facts established liability as a matter of law. *See* 592 F. Supp. 3d 1088 (S.D. Fla. 2022). The court thereafter awarded default statutory damages against each of the four defendants, explaining that each defendant had separately and independently injured Havana Docks by failing to seek or obtain authorization before using the property described in the certified claim. *See* 2022 WL 3910707 (S.D. Fla. Aug. 31, 2022). (This defendant-specific authorization injury, in fact, provided the basis for Havana Docks' Article

6

III standing, which was uncontested on appeal.  *See Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 924-25 (11th Cir. 2023) (*per curiam*).)

The cruise lines appealed.  A panel of this Court unanimously rejected the cruise lines' argument that Havana Docks was not a "United States national" entitled to pursue an action under the Act.  Maj. 4-9. The panel majority, however, proceeded to hold that the Act requires a plaintiff to prove that it would've owned the confiscated property at the time of trafficking "as if there had been no expropriation," and that Havana Docks couldn't satisfy this standard because "[w]hen [its] concession expired in 2004, any property interest that Havana Docks had by virtue of that concession ended."  Maj. 21, 24, 28.  Judge Brasher dissented, explaining that the majority's interpretation contradicts the Act's plain text and express remedial purposes, as well as this Court's decision in *Glen*.  Diss. 1-12.  This petition follows.

7

## ARGUMENT

**Rehearing Is Warranted Because The Panel Majority Upended The LIBERTAD Act By Requiring Plaintiffs To Prove That, Absent Confiscation, They Hypothetically Would Have Owned The Confiscated Property At The Time Of Trafficking.**

A.    As Judge Brasher explained in dissent, this case presents a "very simple" question of statutory interpretation that the panel majority got wrong, and thereby turned the LIBERTAD Act on its head.  Diss. 5. The Act allows U.S. nationals to sue for "trafficking" in property confiscated by Cuba's Communist government.  By definition, of course, no plaintiff continues to own that confiscated property at the time of trafficking: the confiscation extinguished any pre-existing property interest, which was then replaced by a claim against the Cuban government.  *See Glen*, 450 F.3d at 1255; Diss. 2, 9-10.  Such a claim thereafter encumbers the confiscated property until (if ever) it is ultimately satisfied.  Title III of the LIBERTAD Act allows claimants to seek damages from any person who later traffics in the property encumbered by the claim.

Accordingly, the Act by its plain terms defines the property subject to trafficking by reference to the plaintiff's "claim" against the Cuban

government.  *See* 22 U.S.C. § 6082(a)(1)(A) (anyone who "traffics in property which was confiscated by the Cuban Government … shall be liable to any United States national who owns the *claim* to such property.") (emphasis added); *id.* § 6023(13)(A) (defining "traffics" in part as using confiscated property in commerce "without the authorization of any United States national who holds a *claim* to the property") (emphasis added); *Glen*, 450 F.3d at 1255 (Title III actions are "brought 'on a *claim* to the confiscated property' against traffickers in the property") (emphasis added; quoting 22 U.S.C. § 6082(a)(4)(B)).  As Judge Brasher put it, "[t]he text of the statute says that the trafficking must occur when a plaintiff 'owns the claim,' not when the plaintiff would have owned the property."  Diss. 5-6 (emphasis omitted).  And where, as here, the claim has been certified, it provides "conclusive proof" of the plaintiff's ownership of the property described in the claim.  22 U.S.C. §§ 6083(a)(1); *see also id.* §§ 1622g, 1623(h) (certified claims "shall be final and conclusive on all questions of law and fact").

The Act, thus, poses a simple question: did the defendant traffic in property in Cuba encumbered by a claim?  The answer to that question has nothing to do with a hypothetical inquiry into what

9

could've/should've/would've happened to that property after confiscation. Rather, the Act looks to the claim, which represents a snapshot of the private property interest extinguished by the Cuban government. Diss. 2, 9-10. Whatever property the plaintiff owned at the moment of confiscation is memorialized in the claim, and can't be used commercially without incurring trafficking liability under the Act.

The panel majority described the statutory question presented here as "not easy." Maj. 17. But that's because the majority disregarded the Act's text and purposes by seeking to distinguish the property at the time of confiscation from the property at the time of trafficking. "[A] Title III claim is an action against a third party for trafficking in 'property which was confiscated by the Cuban Government,' and not an action against the Cuban Government for expropriating the property decades ago." Maj. 21 (quoting 22 U.S.C. § 6082(a)(1)(A)). That's true, but irrelevant. The whole question is what "property … was confiscated by the Cuban Government." And the Act unambiguously answers that question by reference to the property described in the plaintiff's "claim," which in turn reflects the plaintiff's property at the time of confiscation. *See* 22 U.S.C. §§ 6082(a)(1)(A); *see also id.* §§ 6023(13)(A), 6082(a)(4)(B),

6083(a)(1), 1622g, 1623(h); *Glen*, 450 F.3d at 1255. Indeed, as noted above, the description of the plaintiff's property in a certified claim is "conclusive." 22 U.S.C. § 6083(a)(1); *see also id*. §§ 1622g, 1623(h).

Nothing in the Act—not one word—supports the panel majority's holding that a court must "view the property interest at issue in a Title III action as if there had been no expropriation." Maj. 21. To the contrary, the majority acknowledged that it was basing this atextual and counterfactual gloss on a policy concern that a contrary interpretation would "expand[] the nature of a limited property interest in a Title III action," effectively erasing the time limitation on a time-limited property interest. Maj. 26; *see also id*. at 23. That concern is misguided.

The Act sets forth as expansive a definition of "property" as is possible within the constraints of the English language: "The term 'property' means *any* property (including patents … and any other form of intellectual property), whether real, personal, or mixed, and any present, future, or contingent right, security, or other interest therein, including any leasehold interest." 22 U.S.C. § 6023(12) (emphasis added). This definition conspicuously encompasses far more than plenary, perpetual property interests; rather, it broadly extends to "any"

11

property. *Id.* Any property interest reflected in a claim, regardless of any changes that had been anticipated to occur to that interest after confiscation, can be the subject of a Title III trafficking action.

For this reason, as Judge Brasher explained, the anticipated expiration of an interest in property that was confiscated "goes to the *value* of the claim, not the scope of the property subject to trafficking." Diss. 7 (emphasis added). This case underscores the point. The Commission recognized that the Cuban government confiscated the piers and terminal that Havana Docks built at its own expense under a concession that, when confiscated (and thus extinguished) in 1960, still had 44 years to run. (By its plain terms, the concession was to last for 99 years, not until a date certain. Maj. 9-11.) The amount certified by the Commission necessarily reflects that anticipated future expiration: if Havana Docks' ownership interest had been perpetual, the value of the certified claim presumably would have been greater. *See* Diss. 7-8. Indeed, the cruise lines themselves acknowledged that the Commission "'would award only a small amount for a leasehold set to expire shortly after the expropriation.'" *Id.* (quoting Defs.' Joint Br. 42). It is thus neither necessary nor appropriate, in order "to acknowledge that not all

12

property rights are the same," to hypothesize what the plaintiff's property rights *might* have been at the time of trafficking "as if there had been no expropriation." Maj. 21. The Act already accounts for those differences by setting default damages by reference to the value of a claim, which in turn reflects the plaintiff's *actual* property interests at the time of confiscation.

Furthermore, as Judge Brasher explained, "the majority's rule … nullifies myriad property interests that are expressly protected by the … Act." Diss. 10. As noted above, the Act's definition of "property" "expressly covers certain property like 'patents' and certain interests in property, such as 'future' and 'contingent' interests, that the majority's rule wouldn't protect." *Id.* When the Cuban government seized most U.S. property in Cuba in 1960, for example, patents generally were limited to 17 years, *see* 35 U.S.C. § 154 (1960), so by definition would have expired by the time Congress enacted the LIBERTAD Act in 1996. Similarly, under the majority's approach, Congress' reference to "future" and "contingent" property interests is inexplicable, as such interests never could have materialized into interests subject to trafficking after the Cuban government confiscated them. Diss. 11.

13

The majority sidestepped this point by declaring that "this case does not require us to address such interests." Maj. 20 n.5. But that's no answer at all. It's necessary to make sense of a statute *as a whole*. An interpretation that nullifies certain words can't possibly be right, regardless of whether those words happen to be at issue in a particular case—the same statute can't mean different things in different cases, and "[t]he words of a statute can't be ignored just because they are inconvenient." Diss. 11.

As a second policy concern, the majority declared that its approach prevents the owner of a property interest anticipated to expire after confiscation from suing "in 2025, 2050, 2075, 2100, and so on,"—to "infinity and beyond." Maj. 23, 28. But that's true of *any* confiscated property subject to the Act: no one may traffic in the property encumbered by a claim no matter how many years or decades have passed. That's not a reason to deny relief; it's a reason for the Cuban government to pay the claims and for companies to refrain from trafficking in property described therein before then. Indeed, once a claimant has received "adequate and effective compensation," the Act no longer deems property to be "confiscated," 22 U.S.C. § 6023(4)(A), and a

14

claimant can't pursue a Title III action "to infinity and beyond." But, as long as the economic embargo of Cuba remains in effect, and "[u]nless and until the property confiscation claims of U.S. nationals are paid, those claims continue to exist and are enforceable under the [LIBERTAD] Act." Diss. 12; *see also* 22 U.S.C. §§ 6064(a), 6066(6).

B.    Although the panel majority acknowledged *Glen*, it overlooked the case's central teaching that the confiscation "*extinguish[ed]* the ownership rights of those who owned the properties prior to the takings." 450 F.3d at 1255 (emphasis added). Thus, the majority held that "[w]hen th[e] concession *expired in 2004*, any property interest that Havana Docks had by virtue of that concession ended." Maj. 24 (emphasis added). As a matter of law and logic, as Judge Brasher explained, Havana Docks' concession couldn't have "expired in 2004" if it was extinguished in 1960, when it "still had 44 years left to run." Diss. 2. When 2004 rolled around, nothing happened—no concession "expired," because no concession had existed for 44 years. The clock stopped ticking at the moment of confiscation, and whatever property interests Havana Docks owned at that point were memorialized in a claim against the Cuban government, and that claim continues to encumber the

15

confiscated property and provides the basis for these trafficking actions under Title III.  That's why, as *Glen* explains, the LIBERTAD Act "refers to the property interest that former owners of confiscated property now have as ownership of a 'claim to such property,'" and "actions brought pursuant to the [LIBERTAD Act are] actions brought 'on a claim to the confiscated property' against traffickers in the property."  450 F.3d at 1255 (quoting 22 U.S.C. §§ 6082(a)(1)(A), 6082(a)(4)(B)); *but see* Maj. 27 ("[U]nder the language of Title III that claim does *not* provide the basis for a trafficking action.") (emphasis added).*

The implications of the panel majority's decision extend far beyond this case.  By requiring a Title III plaintiff to prove that, "if there had been no expropriation," it would have had a current interest in its confiscated property at the time of trafficking decades later, Maj. 21, the majority saddled all such plaintiffs with an impossible burden.  What might have befallen particular property over the course of sixty years "if

---

* The district court initially adopted the position advanced by the panel majority, *see* 431 F. Supp. 3d 1367, 1371-74 (S.D. Fla. 2020); 431 F. Supp. 3d 1375, 1378-80 (S.D. Fla. 2020), but later reconsidered and vacated those decisions as inconsistent with *Glen, see* 454 F. Supp. 3d 1259, 1273-74 (S.D. Fla. 2020); *see also* 592 F. Supp. 3d at 1159, 1194.

there had been no expropriation," *id.*, is inherently unknown and unknowable, and hence no plaintiff can prove that it would've continued to own the confiscated property at the time of trafficking. By focusing on *hypothetical* ownership at the time of trafficking, as opposed to *actual* ownership at the time of confiscation, the panel majority effectively nullified the Title III cause of action.

From an evidentiary standpoint, it's not clear how a plaintiff could even *try* to meet the panel majority's "judicially created prove-a-counterfactual requirement." Diss. 5. The majority held that Havana Docks loses as a matter of law because it "had no option for unilateral renewal of the concession" on the face of that document. Maj. 24; *see also id.* at 27. But even if such an option existed, how could Havana Docks prove that it would've exercised it and retained the property until the cruise lines showed up? And who's to say that the company mightn't otherwise have agreed with the Cuban government to extend the concession if the company upgraded the docks? (Indeed, the original concession was extended from 50 to 99 years. *See* Maj. 11.) What might Cuba have looked like "if there had been no expropriation"? Maj. 21.

17

Does this hypothetical inquiry otherwise assume the existence of the hostile Communist regime?

All of these questions presumably would have to be resolved by a jury—even assuming that it were ever possible to "prove" what would've happened to property over sixty years "if there had been no expropriation." Maj. 21. And this problem extends to all types of property interests: if the majority is right, even a plaintiff holding a perpetual interest at the time of confiscation would have to prove that it would not have relinquished that interest prior to the alleged trafficking, pushing the matter (if contested) to a jury. And how to prove that a confiscated "future" or "contingent" interest ever would have ripened into a present possessory interest? Such an atextual, indeterminate, and hypothetical inquiry is the polar opposite of the Act's precise inquiry based on the four corners of the plaintiff's claim. Indeed, the property interest set forth in a certified claim can't be "conclusive" if it requires a counterfactual inquiry into what it might've been at the time of trafficking "if there had been no expropriation." Maj. 21.

C.    Finally, the majority's policy-driven analysis squarely contradicts the policies articulated by Congress in the text of the statute.

Title III seeks to deter businesses from venturing into Communist Cuba, and "provid[ing] badly needed financial benefit, including hard currency, oil, and productive investment and expertise, to the current Cuban Government and thus undermin[ing] the foreign policy of the United States." 22 U.S.C. § 6081(6). Congress also sought to ensure that businesses did not unjustly enrich themselves, or the Cuban regime, through the unauthorized use of property confiscated from U.S. nationals. *See id.* § 6081(11). The Act accomplishes these goals by creating trafficking liability for (at a minimum) the present value of the claim, trebled. *See id.* §§ 6082(a)(1)(A)(i)(I), 6082(a)(3)(C)(ii). As the trebling provision underscores, Congress didn't want LIBERTAD Act suits to be a mere cost of doing business in Cuba; it wanted to deter such business altogether by "deny[ing] traffickers any profits from economically exploiting Castro's wrongful seizures." *Id.* § 6081(11).

By holding that Title III plaintiffs must prove the unprovable—that they would have continued to own the property sixty years or more after confiscation—the panel majority rendered the Act a dead letter, and thereby undermined its deterrent and compensatory purposes. This case is Exhibit A. The defendant cruise lines chose to exploit confiscated

19

property in Cuba notwithstanding the U.S. embargo, put over a *million* tourists into the hands of Cuban government tour guides, and rewarded that government with over *$130 million* in hard currency. With Havana Docks' certified claim in their hands, they used the very same piers in the very same terminal identified in that claim, and thereby earned over a *billion* dollars in net revenue. Not one of the cruise lines ever offered or paid a penny to either Havana Docks or any Cuban person or entity not affiliated with the Communist regime. The panel majority's policy concerns could not possibly be more out of sync with the statute the majority purported to interpret.

## CONCLUSION

For the foregoing reasons, this Court should grant panel rehearing or rehearing en banc.

Respectfully submitted,

Roberto Martínez
Stephanie A. Casey
Zachary A. Lipshultz
Aziza F. Elayan
Thomas A. Kroeger
Sabrina S. Saieh
COLSON HICKS EIDSON, P.A.
255 Alhambra Circle, Penthouse
Coral Gables, FL   33134

Christopher Landau
Richard Klingler
ELLIS GEORGE LLP
1201 Connecticut Ave. N.W.
Suite 513
Washington, DC   20036
(202) 249-6900
*clandau@ellisgeorge.com*

Vincent H. Li
ELLIS GEORGE LLP
152 West 57th Street, 28th floor
New York, NY   10019

November 12, 2024

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 32(a)(5), 32(a)(6), 35(b)(2)(A), 40(b), and this Court's Rule 35-1, I hereby certify that the foregoing brief is proportionately spaced using 14-point Century Schoolbook font and contains 3,898 words.

_____

Christopher Landau

## CERTIFICATE OF SERVICE

I hereby certify that, on November 12, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the U.S. Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system, and dispatched four copies to Federal Express for delivery to the Clerk within 3 days. I further certify that all participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Christopher Landau