**Nos. 23-10151 & 23-10171**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

———————————

HAVANA DOCKS CORPORATION,
*Plaintiff-Appellee*,

v.

ROYAL CARIBBEAN CRUISES, LTD.; NORWEGIAN CRUISE LINE HOLDINGS LTD.; CARNIVAL CORPORATION, a foreign corporation doing business as Carnival Cruise Lines; MSC CRUISES S.A. CO.; MSC CRUISES (USA), INC., et al.,
*Defendants-Appellants*.

———————————

On Appeal from the United States District Court for the
Southern District of Florida,
No. 19-cv-23591, No. 19-cv-23590

———————————

**JOINT OPPOSITION TO HDC'S MOTION FOR ORDER GRANTING OR CONFIRMING THE DISTRICT COURT'S DISCRETION TO ADDRESS ON REMAND COSTS TAXABLE IN THE DISTRICT COURT UNDER FEDERAL RULE OF APPELLATE PROCEDURE 39(e) BY DEFENDANTS-APPELLANTS**

———————————

DEREK L. SHAFFER
CHRISTOPHER G. MICHEL
JONATHAN G. COOPER
NICHOLAS J. CALUDA
QUINN EMANUEL URQUHART
 & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
derekshaffer@quinnemanuel.com

*Counsel for Defendants-Appellant
Norwegian Cruise Line Holdings Ltd.*

PAUL D. CLEMENT
MATTHEW D. ROWEN
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Defendant-Appellant
Royal Caribbean Cruises, Ltd.*

(*Additional Counsel Listed on Inside Cover*)

January 7, 2025

KANNON K. SHANMUGAM
ABIGAIL FRISCH VICE
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300
kshanmugam@paulweiss.com

*Counsel for Defendant-Appellant
Carnival Corporation*

E. JOSHUA ROSENKRANZ
KATHERINE MUNYAN
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000
jrosenkranz@orrick.com

ROBERT M. LOEB
ROBBIE MANHAS
JONAS Q. WANG
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC 20037
rloeb@orrick.com

ANDREW T. HERNACKI
JUSTIN B. NEMEROFF
VENABLE LLP
600 Massachusetts Avenue, N.W.
Washington, DC 20001

*Counsel for Defendants-Appellants
MSC Cruises S.A. Co., MSC Cruises
(USA), Inc., and MSC Cruises, S.A.*

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Circuit Rule 26.1, Defendant-Appellant Norwegian Cruise Line Holdings Ltd. ("Norwegian"), Defendant-Appellant Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), Defendants-Appellants MSC Cruises S.A. Co., MSC Cruises (USA), Inc., and MSC Cruises, S.A. (collectively, "MSC"), and Defendant-Appellant Carnival Corporation ("Carnival"), hereby certify that the following is a complete list of the trial judge and all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case on appeal.

1.  1972 Productions, Inc.

2.  A.C.N. 098 290 834 Pty. Ltd.

3.  A.J. Juneau Dock, LLC

4.  Admiral Management Inc.

5.  Adventure Island Ltd.

6.  Adventure of the Seas Inc.

7.  AIDA Kundencenter GmbH

8.  AIDAradio GmbH

9.  Air-Sea Holiday GmbH

10. Akerman LLP

11. Alaska Hotel Properties LLC

12.    Allure of the Seas Inc.

13.    American Society of Travel Advisors, Inc., *Amicus Curiae*

14.    Anthem of the Seas Inc.

15.    Arrasas Limited

16.    Balmori, Daniel (Hogan Lovells US LLP)

17.    Barcelona Cruise Terminal SLU

18.    Bash III, John F. (Quinn Emanuel Urquhart & Sullivan, LLP)

19.    Bay Island Cruise Port, S.A.

20.    Behn, Aphra

21.    Behn, Mickael

22.    Behn-Lucain, Melanie

23.    Belize Cruise Terminal Limited

24.    Belize Investments Limited

25.    Belize Island Holdings Ltd.

26.    Bermuda Tenders, Ltd.

27.    Black, Hillary S. (Paul, Weiss, Rifkind, Wharton & Garrison LLP)

28.    Bloom, Judge Beth F. (United States District Judge for the Southern District of Florida)

29.    Bluvacanze Spa

30.    Bohrer, Sanford L.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

31. Boies Schiller Flexner LLP

32. Bondi, Bradley J., Counsel for Amici Curiae U.S. Travel Association, United States Tour Operators Association, Inc., and American Society of Travel Advisors, Inc.

33. Breakaway Four, Ltd.

34. Breakaway One, Ltd.

35. Breakaway Three, Ltd.

36. Breakaway Two, Ltd.

37. Brilliance of the Seas Shipping Inc.

38. Buffett, Warren E.

39. Burck, William A. (Quinn Emanuel Urquhart & Sullivan, LLP)

40. Caluda, Nicholas J. (Quinn Emanuel Urquhart & Sullivan, LLP)

41. Canodros CL

42. Carnival (UK) Limited

43. Carnival Bahamas FC Limited Bahamas

44. Carnival Bahamas Holdings Limited

45. Carnival Corporation (CCL), a foreign corporation doing business a Carnival Cruise Line

46. Carnival Corporation & plc Asia Pte. Ltd.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

47.  Carnival Corporation Hong Kong Limited Carnival Corporation Korea Ltd.

48.  Carnival Corporation Ports Group Japan KK

49.  Carnival Finance, LLC

50.  Carnival Grand Bahama Investment Limited

51.  Carnival Holdings (Bermuda) Limited

52.  Carnival Investments Limited

53.  Carnival Japan, Inc.

54.  Carnival License Holdings Limited

55.  Carnival Maritime GmbH

56.  Carnival North America LLC

57.  Carnival PLC

58.  Carnival Port Holdings Limited

59.  Carnival Ports Inc.

60.  Carnival Support Services India Private Limited

61.  Carnival Technical Services (UK) Limited

62.  Carnival Technical Services Finland Limited

63.  Carnival Technical Services GmbH

64.  Carnival Vanuatu Limited

65.  Casey, Stephanie A. (Colson Hicks Eidson, P.A.)

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

66.    CC U.S. Ventures, Inc.

67.    CCL Gifts, LLC

68.    Celebrity Apex Inc.

69.    Celebrity Cruise Lines Inc.

70.    Celebrity Cruises Holdings Inc.

71.    Celebrity Cruises Inc. (d/b/a Celebrity Cruises Liberia)

72.    Celebrity Eclipse Inc.

73.    Celebrity Edge Inc.

74.    Celebrity Equinox Inc.

75.    Celebrity Reflection Inc.

76.    Celebrity Silhouette Inc.

77.    Celebrity Solstice Inc.

78.    Chamber of Commerce of the United States of America, *Amicus Curiae*

79.    Cisalpina Tours Spa Classic Cruises, LLC Classic Cruises II, LLC

80.    Clement & Murphy, PLLC

81.    Clement, Paul D. (Clement & Murphy, PLLC)

82.    CNS Compañia Naviera Seaside 1 SA

83.    Colson Hicks Eidson, P.A.

84.    Compañia Naviera Evo 1 SA

85.    Compañia Naviera Evo 2 SA

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

86.  Compañia Naviera Fantasia SA

87.  Compañia Naviera Meraviglia SA

88.  Compañia Naviera Musica SA

89.  Compania Naviera Ocean Cay SA

90.  Compañia Naviera Orchestra SA

91.  Compañia Naviera Pacifica S.A.

92.  Compañia Naviera Preziosa SA

93.  Compañia Naviera Seaside 2 SA

94.  Compañia Naviera Serenata SA

95.  Compañia Naviera Vista 1 SA

96.  Compañia Naviera Vista 2 SA

97.  Compañia Naviera Vista 3 SA

98.  Compañia Naviera Vista 4 SA

99.  Compañia Naviera Vista 5 SA

100. Compañia Naviera World Class 1 SA

101. Compañia Naviera World Class 2 SA

102. Compañia Naviera World Class 3 SA

103. Compañia Naviera World Class 4 SA

104. Compañia Naviera Yc1 SA

105. Compañia Naviera Yc2 SA

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

106.   Compañia Naviera Yc3 SA

107.   Compañia Naviera Yc4 SA

108.   Compañia Naviera Yc5 SA

109.   Compañia Naviera Yc6 SA

110.   Constellation Inc. Liberia

111.   Cooke, Judge Marcia G. (United States District Judge for the Southern District of Florida)

112.   Cooper, Jonathan G. (Quinn Emanuel Urquhart & Sullivan, LLP)

113.   Costa Crociere PTE Ltd.

114.   Costa Crociere S.p.A.

115.   Costa Cruceros S.A.

116.   Costa Cruise Lines Inc.

117.   Costa Cruise Lines UK Limited

118.   Costa Cruises Customer Center S.L.U.

119.   Costa Cruises Shipping Services (Shanghai) Company Limited

120.   Costa Cruises Travel Agency (Shanghai) Co., Ltd.

121.   Costa Cruises Turkey Turizm Gelisim A.S.

122.   Costa Cruzeiros Agencia Maritima e Turismo Ltda.

123.   Costa International B.V.

124.   Costa Kreuzfahrten GmbH

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

125.   Cozumel Cruise Terminal S.A. de C.V.

126.   Cruise Administration Services, Inc.

127.   Cruise Conglomerate Maritime Ltd.

128.   Cruise Lines International Association, Inc., *Amicus Curiae*

129.   Cruise Quality Travel Spain SL

130.   Cruise Ships Catering & Services International N.V.

131.   Cruise Terminal Services, S.A. de C.V.

132.   Cruiseport Curacao C.V.

133.   CSMART Real Estate B.V.

134.   CSMART Real Estate C.V.

135.   D.R. Cruise Port, Ltd.

136.   Dvoretzky, Shay, Counsel for Amicus Curiae Cruise Lines International
       Association

137.   Elayan-Martinez, Aziza F. (Colson Hicks Eidson, P.A.)

138.   Ellis George Cipollone O'Brien Annaguey, LLP

139.   Enchantment of the Seas Inc.

140.   Eurosoft Corporation Limited

141.   Eurosoft Cruise Line (Shanghai) Co., Ltd.

142.   Explora SA

143.   Explorer II New Build, LLC

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

144.  Explorer III New Build, LLC

145.  Explorer New Build, LLC

146.  Explorer of the Seas Inc.

147.  F.P.M. SAS

148.  F.P.P. SAS

149.  Fields, Lazaro (Continental PLLC)

150.  Fisk, Daniel, *Amicus Curiae*

151.  Fleet Maritime Services (Bermuda) Limited

152.  Fleet Maritime Services Holdings (Bermuda) Limited

153.  Fleet Maritime Services International Limited

154.  Foreman Friedman, PA

155.  Fowler III, George J (Jones Walker LLP)

156.  Freedom of the Seas Inc.

157.  Freyre, Pedro A. (Akerman LLP)

158.  Friedman, Darren Wayne (Foreman Friendman)

159.  Future Investments, Ltd.

160.  Gayles, Judge Darrin P. (United States District Judge for the Southern
      District of Florida)

161.  GG Operations Inc.

162.  Gibs, Inc.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

163.    Global Experience Innovators, Inc.

164.    Global Fine Arts, Inc.

165.    Global Fleet Management LLC

166.    Global Fleet Management Two LLC

167.    Global Shipping Service (Shanghai) Co., Ltd.

168.    Going Srl

169.    Goodman, Judge Jonathan (United States Magistrate Judge for the Southern District of Florida)

170.    Goulette Cruise Holding Limited

171.    Grand Cruise Shipping Unipessoal LdA

172.    Grand Turk Cruise Center Ltd.

173.    Grandeur of the Seas Inc.

174.    Gray, Corey P. (Boies Schiller Flexner LLP)

175.    Great Stirrup Cay Limited

176.    Greensboro S.L.

177.    Gwart Srl

178.    GXI, LLC D

179.    HAL Antillen N.V.

180.    HAL Beheer B.V.

181.    HAL Maritime Ltd.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

182.   HAL Nederland N.V.

183.   HAL Properties Limited

184.   HAL Services B.V.

185.   Harmony of the Seas Inc.

186.   Harper, Chadwick (Clement & Murphy, PLLC)

187.   Harvard Law School

188.   Havana Docks Corporation

189.   Hernacki, Andrew T. (Venable LLP)

190.   Hoch, Dorothy

191.   Hogan Lovells US LLP

192.   Holding Division Iberocruceros SLU

193.   Holland & Knight LLP

194.   Holland America Line Inc.

195.   Holland America Line N.V.

196.   Holland America Line U.S.A., Inc.

197.   Hospedagm De Pomene (Mozambique) Lda

198.   HSE Hamburg School of Entertainment GmbH

199.   Ibero Cruzeiros Ltda.

200.   Iberocruceros SLU

201.   Independence of the Seas Inc.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

202.   Infinity Inc.

203.   Information Assistance Corporation

204.   Insignia Vessel Acquisition, LLC

205.   International Cruise Services, S.A. de C.V.

206.   International Leisure Travel Inc.

207.   International Maritime Recruitment Agency, S.A. de C.V.

208.   Island for Science, Inc.

209.   Islas Galapagos Turismo y Vapores CA

210.   Jewel of the Seas Inc.

211.   Jiménez, Marcos Daniel, Counsel for Amicus Curiae Daniel Fisk

212.   Johnson, Jerry M.

213.   Jones Day, Counsel for Amicus Curiae Peter Kucik

214.   Jones Walker LLP

215.   Kats, Vitaliy, Counsel for Amici Curiae U.S. Travel Association, United States Tour Operators Association, Inc., and American Society of Travel Advisors, Inc

216.   Klinger, Richard D. (Ellis George Cipollone O'Brien Annaguey, LLP)

217.   Kroeger, Thomas (Colson Hicks Eidson, P.A.)

218.   Krystalsea Limited

219.   Kucik, Peter, *Amicus Curiae*

220.  Kwazulu Cruise Terminal (Pty) Ltd.

221.  Labadee Investments Ltd.

222.  Landau, Christopher (Ellis George Cipollone O'Brien Annaguey, LLP)

223.  Leonardo Five, Ltd.

224.  Leonardo Four, Ltd.

225.  Leonardo One, Ltd

226.  Leonardo Six, Ltd.

227.  Leonardo Three, Ltd.

228.  Leonardo Two, Ltd.

229.  León Cosgrove Jiménez, LLP, Counsel for Amicus Curiae Daniel Fisk

230.  Li, Vincent (Ellis George Cipollone O'Brien Annaguey, LLP)

231.  Liberia

232.  Liberty of the Seas Inc.

233.  Lindsay III, Alvin Francis (Hogan Lovells US LLP)

234.  Lioi, Samuel V., Counsel for Amicus Curiae Peter Kucik

235.  Lipshultz, Zachary A. (Colson Hicks Eidson, P.A.)

236.  Lipshutz, Brian M. (Paul, Weiss, Rifkind, Wharton & Garrison LLP)

237.  Llamas, Luis E. (Jones Walker LLP)

238.  Loeb, Robert (Orrick, Herrington & Sutcliffe LLP)

239.  Lorenzo, Richard C. (Hogan Lovells US LLP)

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

240.  Louis, Judge Lauren Fleischer (United States Magistrate Judge for the Southern District of Florida)

241.  Lutz, Zachary P. (Quinn Emanuel Urquhart & Sullivan, LLP)

242.  MacArthur Trust

243.  Maderal, Francisco

244.  Manhas, Robbie (Orrick, Herrington & Sutcliffe LLP)

245.  Marcus, Steven, Counsel for Amicus Curiae Cruise Lines International Association

246.  Margol & Margol, P.A.

247.  Margol, Rodney S. (Margol & Margol, P.A.)

248.  Marina New Build, LLC

249.  Mariner of the Seas Inc.

250.  Mariner, LLC

251.  Marseille Provence Cruise Terminal SAS

252.  Martinez, Judge Jose E. (United States District Judge for the Southern District of Florida)

253.  Martínez, Roberto (Colson Hicks Eidson, P.A.)

254.  Massey & Gail LLP

255.  Massey, Johnathan S. (Massey & Gail LLP)

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

256. Mayer Brown LLP, Counsel for Amicus Curiae Chamber of Commerce of the United States of America

257. McAliley, Judge Chris M. (United States Magistrate Judge for the Southern District of Florida)

258. Mediterranean Cruises Travel Agency (Shanghai) Co Ltd

259. Michel, Christopher G. (Quinn Emanuel Urquhart & Sullivan, LLP)

260. Milestone N.V.

261. Millennium Inc.

262. Moriceau, Alisha (Boies Schiller Flexner LLP)

263. MSC Crewing Services Philippines

264. MSC Cruceros SA Argentina

265. MSC Cruceros SA Spain

266. MSC Cruise Management (UK) Ltd

267. MSC Cruises (Australia) Pty Ltd

268. MSC Cruises (Canada) Ltd

269. MSC Cruises (Ireland) Ltd

270. MSC Cruises (USA), Inc.

271. MSC Cruises Asia Company Ltd.

272. MSC Cruises Barcelona Terminal SL

273. MSC Cruises Belgium NV

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

274.  MSC Cruises Gmbh

275.  MSC Cruises Japan Ltd

276.  MSC Cruises Limited UK

277.  MSC Cruises Ltd Cyprus

278.  MSC Cruises S.A. Co.

279.  MSC Cruises Scandinavia AB

280.  MSC Cruises Ship Management (Shanghai) Ltd.

281.  MSC Cruises Shipping Service (Shanghai) Ltd.

282.  MSC Cruises The Netherlands BV

283.  MSC Cruises, S.A.

284.  MSC Cruzeiros Do Brasil Ltda

285.  MSC Cruzeiros SA

286.  MSC Food & Beverage Division Spa

287.  MSC Italcatering Do Brasil Ltda

288.  MSC Kreuzfahrten (Austria) Gmbh

289.  MSC Kreuzfahrten AG

290.  MSC Krstarenja Doo

291.  MSC Kruvaziyer Turizm AS

292.  MSC Logistics (Mozambique) Ltd.

293.  Msc Malta Seafarers Company Ltd.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

294.  MSC Mediagrafica Srl

295.  MSC Miami Cruise Terminal LLC

296.  MSC Ocean Cay Ltd

297.  MSC Starlight Cruises Pty Ltd

298.  Munyan, Katherine (Orrick, Herrington & Sutcliffe LLP)

299.  Musica Cruise Limited

300.  Nautica Acquisition, LLC

301.  Navigator of the Seas Inc.

302.  Navigator Vessel Company, LLC

303.  Navitrans S.R.L.

304.  NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line

305.  NCL (Guernsey) Limited

306.  NCL America Holdings, LLC

307.  NCL America LLC

308.  NCL Australia Pty Ltd.

309.  NCL Construction Corp., Ltd.

310.  NCL Corporation Ltd.

311.  NCL Cruises Ltd.

312.  NCL Emerald Corporation, Limited

313.  NCL Finance, Ltd.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

314.  NCL HK Holding, Ltd.

315.  NCL Holding AS

316.  NCL Hong Kong Limited

317.  NCL International, Ltd.

318.  NCL Japan KK

319.  NCL Singapore Pte. Ltd.

320.  NCL UK IP CO LTD

321.  NCL US IP CO 1, LLC

322.  NCL US IP CO 2, LLC

323.  NCLC Investments Canada Ltd.

324.  NCLM Limited

325.  Nelson, Timothy G., Counsel for Amicus Curiae Cruise Lines International Association

326.  Nemeroff, Justin B. (Venable LLP)

327.  New Co Armonia SA

328.  New Co Lirica SA

329.  New Co Opera SA

330.  New Co S32 SA

331.  New Co Sinfonia SA

332.  Norford, Elizabeth (Paul, Weiss, Rifkind, Wharton & Garrison LLP)

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

333. Norwegian Cardinal Ltd

334. Norwegian Compass Ltd.

335. Norwegian Cruise Co. Inc.

336. Norwegian Cruise Line Agéncia de Viagens Ltda.

337. Norwegian Cruise Line Group Italy S.r.l.

338. Norwegian Cruise Line Group UK Limited (formerly Prestige Cruise Services (Europe) Limited)

339. Norwegian Cruise Line Holdings, Ltd. (NCLH)

340. Norwegian Cruise Line India Private Limited

341. Norwegian Dawn Limited

342. Norwegian Epic, Ltd.

343. Norwegian Gem, Ltd.

344. Norwegian Jewel Limited

345. Norwegian Pearl, Ltd.

346. Norwegian Sextant Ltd.

347. Norwegian Sky, Ltd.

348. Norwegian Spirit, Ltd.

349. Norwegian Star Limited

350. Norwegian Sun Limited

351. Norwegian USCRA, Ltd.

352.  Nualy Investments Inc

353.  O Class Plus One, LLC

354.  O Class Plus Two, LLC

355.  Oasis of the Seas Inc.

356.  Ocean Bahamas Innovation Ltd.

357.  Ocean Medallion Fulfillment, Ltd.

358.  Oceanadventures S.A.

359.  Oceania Cruises S. de R.L. (formerly Oceania Cruises, Inc.)

360.  OCI Finance Corp.

361.  Odds On Gaming Corporation

362.  Odyssey of the Seas Inc.

363.  Oliu, Pascual A. (Boies Schiller Flexner LLP)

364.  Operadora Catalina S.r.L.

365.  Orrick, Herrington & Sutcliffe LLP

366.  Otazo-Reyes, Judge Alicia M. (United States Magistrate Judge for the Southern District of Florida)

367.  Ovation of the Seas Inc.

368.  Paul Hastings, LLP, Counsel for Amici Curiae U.S. Travel Association, United States Tour Operators Association, Inc., and American Society of Travel Advisors, Inc.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

369.  P&O Princess American Holdings

370.  P&O Princess Cruises International Limited

371.  P&O Princess Cruises Pension Trustee Limited

372.  P&O Properties (California), Inc.

373.  P&O Travel Limited

374.  Palumbo Malta Shipyard Limited

375.  Palumbo Shipyard Limited

376.  Paul, Weiss, Rifkind, Wharton & Garrison LLP

377.  Pegg, Allen P. (Hogan Lovells US LLP)

378.  Pettlier, Romain Le

379.  Piccapietra Finance S.r.l.

380.  Ponce, Scott D. (Holland & Knight LLP)

381.  Prestige Cruise Holdings S. de R.L. (formerly Prestige Cruise Holdings, Inc.)

382.  Prestige Cruise Services LLC

383.  Prestige Cruises Air Services, Inc.

384.  Prestige Cruises International S. de R.L. (formerly Prestige Cruises International, Inc.)

385.  Prestige Cruises Management S.A.M.

386.  Prestige Cruises N.V.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

387.  Preziosa Cruise Limited

388.  Pride of America Ship Holding, LLC

389.  Pride of Hawaii, LLC

390.  Princess Bermuda Holdings, Ltd.

391.  Princess Cays Ltd.

392.  Princess Cruise Corporation Inc.

393.  Princess Cruise Lines, Ltd.

394.  Princess Cruises and Tours, Inc.

395.  Princess U.S. Holdings, Inc.

396.  Proctor, Ryan M., Counsel for Amicus Curiae Peter Kucik

397.  Quantum of the Seas Inc.

398.  Quinn Emanuel Urquhart & Sullivan, LLP

399.  Radiance of the Seas Inc.

400.  RCI Holdings LLC RCL (UK) Ltd.

401.  RCL Cruise Holdings LLC

402.  RCL Cruises Ltd.

403.  RCL GEO LLC

404.  RCL Holdings Cooperatief U.A.

405.  RCL Horizon LLC

406.  RCL Investments Ltd.

407.  RCL Monarch LLC

408.  RCL New Vessel Holding Company LLC

409.  RCL Sovereign LLC

410.  RCL TUI Cruises German Holding GmbH & Co. KG

411.  RCL Worldwide (Hong Kong) Limited

412.  RCL Worldwide Ltd.

413.  RCL Zenith LLC

414.  RCT Maintenance & Related Services S.A.

415.  RCT Pilots & Related Services, S.A.

416.  RCT Security & Related Services S.A.

417.  Regatta Acquisition, LLC

418.  Rhapsody of the Seas Inc.

419.  Rider-Longmaid, Parker, Counsel for Amicus Curiae Cruise Lines International Association

420.  Riviera New Build, LLC

421.  Roatan Cruise Terminal S.A. de C.V.

422.  Rosenkranz, E. Joshua (Orrick, Herrington & Sutcliffe LLP)

423.  Rowen, Matthew D. (Clement & Murphy, PLLC)

424.  Royal Caribbean Cruise Lines AS

425.  Royal Caribbean Cruises (Asia) Pte. Ltd.

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

426.  Royal Caribbean Cruises Services (China) Company Limited

427.  Royal Caribbean Cruises, Ltd. (RCL)

428.  Royal Hyway Tours, Inc.

429.  Saieh, Sabrina S. (Colson Hicks Eidson, P.A.)

430.  Saladrigas, Caitlin F. (Holland & Knight)

431.  Santa Cruz Terminal, S.L.

432.  Schultz, Meredith L. (Boies Schiller Flexner LLP)

433.  Seabourn Cruise Line Limited

434.  Seahawk One, Ltd.

435.  Seahawk Two, Ltd.

436.  SeaVacations Limited

437.  SeaVacations UK Limited

438.  Serenade of the Seas Inc.

439.  Seven Seas Cruises S. De R.L., d/b/a Regent Seven Seas Cruises

440.  SG Cruises GmbH

441.  SG Expeditions Cyprus Limited

442.  SG Expeditions SAGL

443.  Shaffer, Derek L. (Quinn Emanuel Urquhart & Sullivan, LLP)

444.  Shanghai Coast Cruise Consulting Co. Lda

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

445.  Shanmugam, Kannon S. (Paul, Weiss, Rifkind, Wharton & Garrison LLP)

446.  Ship Care (Bahamas) Limited

447.  Skadden, Arps, Slate, Meagher & Flom, LLP, Counsel for Amicus Curiae Cruise Lines International Association

448.  Silver Cloud Shipping Co. Ltd.

449.  Silver Muse Shipping Co. Ltd.

450.  Silver Shadow Shipping Co. Ltd.

451.  Silver Spirit Shipping Co. Ltd.

452.  Silver Wind Shipping Ltd.

453.  Silversea Cruise Finance Ltd.

454.  Silversea Cruise Holding Ltd.

455.  Silversea Cruises (Europe) Ltd.

456.  Silversea Cruises (UK) Ltd.

457.  Silversea Cruises Australia Pty. Ltd.

458.  Silversea Cruises Canada Ltd.

459.  Silversea Cruises Ltd.

460.  Silversea Cruises South Africa Pty. Ltd.

461.  Silversea New Build Seven Ltd.

462.  Silversea RCL Holdings LLC

Nos. 23-10171, 23-10151, *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd., et al.*

463.  Silversea SAM

464.  Singer, Stuart H. (Boies Schiller Flexner LLP)

465.  Sirena Acquisition

466.  Sitmar Cruises Inc.

467.  Sixthman Ltd.

468.  SNC Fantasia Bail

469.  SNC Splendida Bail

470.  Societe Labadee Nord, S.A.

471.  Spanish Cruise Services N.V.

472.  Spectrum of the Seas Inc.

473.  Spezia & Carrara Cruise Terminal Srl

474.  Spohrer Dodd Trial Attorneys

475.  SSC Finance Corp.

476.  Sullivan, Kathleen M. (Quinn Emanuel Urquhart & Sullivan, LLP)

477.  Summit Inc.

478.  Sun Princess II Limited

479.  Sun Princess Limited

480.  Sunshine Shipping Corporation Ltd.

481.  Super, John (Quinn Emanuel Urquhart & Sullivan, LLP)

482.  Symphony of the Seas Inc.

483. Stander, Robert N., Counsel for Amicus Curiae Peter Kucik

484. T&T International, Inc.

485. Tager, Evan M., Counsel for Amicus Curiae Chamber of Commerce of the United States of America

486. Taormina, Benjamin A. (Holland & Knight LLP)

487. Terminal De Cruceros Punta Del Este SA

488. Torcatt Enterprises Limitada

489. Tour Alaska, LLC

490. Transnational Services Corporation

491. Tribe, Laurence H. (Harvard Law School)

492. Trident Insurance Company Ltd.

493. Trieste Adriatic Maritime Initiatives Srl

494. U.S. Travel Association, *Amicus Curiae*

*495.* United States Tour Operators Association Inc., *Amicus Curiae*

496. Venable LLP

497. Venezia Investimenti Srl

498. Vice, Abigail Frisch (Paul, Weiss, Rifkind, Wharton & Garrison LLP)

499. Vision of the Seas Inc.

500. Voyager of the Seas Inc.

501. Voyager Vessel Company, LLC

502.   Wang, Jonas Q. (Orrick, Herrington & Sutcliffe LLP)

503.   West Sicily Gates Srl

504.   Westmark Hotels of Canada, Ltd.

505.   Westmark Hotels, Inc.

506.   Whisper SpA

507.   Whitaker, Walter H.

508.   White Sand Inc.

509.   World Leading Cruise Management (Shanghai) Co., Ltd.

510.   XP Tours S.A.

**Corporate Disclosure**.  Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rules 26.1-1, 26.1-2, & 26.1-3, Norwegian, Royal Caribbean, MSC, and Carnival respectfully submit that the Corporate Disclosure Statements included in the Opening Briefs (11th Cir. Case No. 23-10171, Dkts. 79 & 80) remain true and correct.

January 7, 2025

/s/Paul D. Clement
Paul D. Clement
*Counsel for Defendant-Appellant*
*Royal Caribbean Cruises, Ltd.*

/s/ Derek L. Shaffer
Derek L. Shaffer
*Counsel for Defendants-Appellant*
*Norwegian Cruise Line Holdings Ltd.*

/s/ Robert M. Loeb
Robert M. Loeb
*Counsel for Defendants-Appellants*
*MSC Cruises S.A. Co., MSC Cruises*
*(USA), Inc., and MSC Cruises, S.A.*

/s/ Kannon K. Shanmugam
Kannon K. Shanmugam
*Counsel for Defendant-Appellant*
*Carnival Corporation*

Defendants-Appellants Royal Caribbean Cruises, Ltd., Norwegian Cruise Line Holdings Ltd., Carnival Corporation, MSC Cruises S.A. Co., MSC Cruises (USA), Inc., and MSC Cruises, S.A. (collectively, "the Cruise Lines") respectfully submit this joint opposition to Havana Docks Corporation ("HDC")'s motion for an order granting or confirming the district court's discretion to address on remand costs taxable in the district court under Federal Rule of Appellate Procedure 39(e). *See* Doc. 167 ("Mot."). That motion should be denied for multiple reasons. As an initial matter, this Court has already determined, without objection by HDC, that the Cruise Lines are entitled to costs under Federal Rule of Appellate Procedure 39(a), which includes bond premiums under Rule 39(e)(3). That leaves no discretion to allocate. In any event, HDC provides no reason for this Court to revisit its award of costs— including bond premiums—to the Cruise Lines.

## ARGUMENT

"Rule 39 creates a cohesive scheme for taxing appellate costs." *San Antonio v. Hotels.com, L.P.*, 593 U.S. 330, 336 (2021). Subsection (a) "sets out default rules" for taxing costs "geared to … potential outcomes of an appeal," while also giving the court of appeals discretion to "divide up the costs as it deems appropriate." *Id.*; *see* Fed. R. App. P. 39(a). Subsection (e) provides that "the party entitled to costs under th[e] rule" may tax specified costs "in the district court," including "premiums paid for a bond or other security to preserve rights pending appeal." Fed. R. App. P.

39(e)(3). The Supreme Court recently addressed the interaction between Subsections (a) and (e) in *Hotels.com*. As relevant here, the Court explained that, "if a party is awarded costs" by a court of appeals "under subdivision (a), it is 'entitled' to … costs" under Subsection (e)—"*i.e.*, has a right to obtain them and not merely to seek them—when a proper application is made in the district court." 593 U.S. at 338. Rule 39 thus "gives discretion over the allocation of appellate costs"— including bond premiums and other costs enumerated in Subsection (e)—"to the courts of appeals." *Id.*

This Court has already exercised that discretion in this case. Per the clerk's cover letter accompanying the opinion, "[c]osts are taxed against [HDC]." Dkt. 75-2 at 1. Notably, HDC did *not* object to that determination; nor did it object to the Cruise Lines' bills of costs submitted pursuant thereto within the 14-day deadline. *See* Fed. R. App. P. 39(d)(2). Under Rule 39 as construed by the Supreme Court in *Hotels.com*, this Court's determination to "tax[] [costs] against [HDC]" resolves the question whether bond premiums are taxed against HDC: Because this Court awarded "costs" to the Cruise Lines under Rule 39(a), the Cruise Lines are now legally "entitled" to collect the bond premiums in the district court, and the district court lacks discretion to rule otherwise. Fed. R. App. P. 39(e); *see Hotels.com*, 593 U.S. at 335, 338-40 (holding district court lacked discretion over award of supersedeas bond premiums after prevailing parties "filed a bill of costs with the

2

Circuit Clerk and requested $905.60 to cover the appellate docket fee and the cost of printing their briefs and appendix," and "[t]hese items were taxed without objection" before the court of appeals (citation omitted)).

HDC steers a circuitous course around that straightforward analysis, en route to asking this Court to "grant[]" or "confirm[]" that the district court has discretion to address the recovery of the bond premiums on remand.  Mot. 1.  But that request rests on the mistaken premise that, at this juncture, there is discretion left to allocate to the district court on that issue.  In fact, no such discretion persists.  As just explained, this Court already decided to tax costs against HDC, without objection by HDC.  Dkt. 75-2 at 1.  And *Hotels.com* squarely holds that, once a court of appeals has made that determination, a "district court[] cannot alter" it.  593 U.S. at 340; *see id.* at 336 (similar); *see also id.* at 338 ("[T]he court of appeals' determination that a party is 'entitled' to costs would mean little if … the district court could take a second look at the equities.").[1]

---

[1] To the extent HDC relies on an unpublished decision predating *Hotels.com*, *Campbell v. Rainbow City*, 209 F. App'x 873 (11th Cir. 2006), as suggesting otherwise, *Hotels.com* has overruled it.  *Compare Campbell*, 209 F. App'x at 875 (reasoning that "[t]he language of 39(e) is permissive, not mandatory," because it "provides that the enumerated costs 'are taxable,' not that they 'must be taxed'"), *with Hotels.com*, 593 U.S. at 338-40 (concluding that "San Antonio reads too much into the term 'taxable,'" and rejecting argument that Rule 39(e) is permissive).

What HDC seems to be urging, in substance, is for this Court to *revisit* the question whether to tax costs, vacate its prior resolution of that issue, and delegate the matter to the district court—at least as to the taxability of bond premiums. But having failed to timely "raise[] [its] arguments through other procedural vehicles, including merits briefing, objections to a bill of costs, and [its] petition[] for rehearing," *Hotels.com*, 593 U.S. at 344 (citations omitted), HDC's present motion under Rule 27 is too little, too late for seeking reconsideration of this Court's decision. *See id.* (recognizing that a Rule 27 motion could be appropriate "to *seek* an order under Rule 39(a)," not to *revisit* an order under the rule (emphasis added)). Indeed, were it otherwise, any litigant could simply bypass the proper and ample opportunities for raising its argument only to, as here, press the argument in a belated motion after this Court has already awarded—and approved—costs.

Tellingly, HDC does not explain why this issue should be revisited now weeks after it did not object to the taxation of costs. This Court can and should simply reject the belated efforts to revisit the issue as both out of time and as inconsistent with HDC's own decision not to object to the taxation of costs.

In any event, HDC's equitable arguments are without merit. HDC argues that the district court is better positioned to weigh its "equitable arguments"— particularly its critique of the Cruise Lines for posting security bonds, after HDC refused to waive the bond requirement to stay enforcement during the appeal. Mot.

4-5.  The Supreme Court rejected that same line of argument in *Hotels.com*, however, where a losing appellee complained that the winning appellant "should have pursued alternatives to a supersedeas bond and that it was unfair for [the appellee] to bear the costs" of the bond premium.  593 U.S. at 335; *see id.* at 341-42 (discussing the argument that "taxing costs against [a losing appellee] would be unjust because of its precarious financial position").  The Court rejected the claim that "district courts are better able to resolve" such arguments as a reason for departing from the rule that appellate courts retain the discretion to determine the allocation of costs.  *Id.* at 341-42.

The same reasoning applies here, and nothing about HDC's "equitable" arguments supports a different cost allocation.  Although HDC now faults the Cruise Lines for not proposing a non-bond alternative to stay execution of the judgment pending appeal, these well-capitalized Cruise Lines *did* seek such an alternative: They asked "the district court to stay the execution of the judgments without a bond."  Mot. 2 (citing 1:19-cv-23591-BB Dkt. ("D. Ct. Dkt.") 488).  Accepting that proposal would have eliminated any risk that HDC would be required to reimburse bond premiums if it lost on appeal, in the face of multiple legal issues with obvious appellate exposure.  Especially given that the Cruise Lines are well-established companies with ample assets, HDC had full assurance that it would be able to collect on any persisting judgment that might be affirmed.  D. Ct. Dkt. 455 at 5-11.

Nevertheless, HDC *opposed* the Cruise Lines' proposal to stay execution of the judgment without a bond, D. Ct. Dkt. 467, even after the Cruise Lines warned that bond premiums could run into the millions of dollars, D. Ct. Dkt. 455 at 11-12; D. Ct. Dkt. 484 at 13-14.

HDC thus made a strategic choice in opposing the request to stay the judgment without a bond. And that strategic choice necessarily carried substantial costs in the form of bond premiums—premiums that the Cruise Lines expressly brought to HDC's attention before the Cruise Lines proceeded to incur them in the first instance. Far from being inequitable, holding HDC to the same consequences that any plaintiff-appellee would properly bear in the ordinary course adheres to the prescribed rule, while maintaining accountability and proper incentives. Indeed, HDC's attempted enlistment of this Court to resolve its belated dispute over bonding invites perversity: Considering that HDC was expressly on notice that the Cruise Lines stood to incur bond premiums that would be subject to cost-shifting, it is all the more equitable to hold HDC to the normal rule. Otherwise, a judgment-holder in HDC's position would have every incentive to weaponize bond premiums, forcing corporate defendants to incur them unnecessarily while counting on HDC's instant arguments to ward off exposure to shifting.

Nor is there merit in HDC's after-the-fact suggestion that the Cruise Lines should have obtained some form of security other than a bond. Mot. 2-4. As an

initial matter, Federal Rule of Civil Procedure 62(b) provides that "a party may obtain a stay by providing a bond." The Cruise Lines cannot fairly be faulted for pursuing the form of security expressly contemplated by that rule. Moreover, the district court (whose string of rulings had not been favorable to the Cruise Lines) stated that it would accept an "alternative form of security" only to the extent "agreed to by the parties," D. Ct. Dkt. 488 at 13, and HDC never indicated (prior to its instant bid to avoid cost-shifting) that it would agree to anything short of a bond. In any event, a prevailing appellant can recover "premiums paid for a bond *or other security to preserve rights pending appeal*." Fed. R. App. P. 39(e)(3) (emphasis added). HDC provides no support for its implicit assumption that the costs of an alternative security would have been less than the bond premiums.

At bottom, the equities do not support reconsidering this Court's earlier decision to tax costs. HDC went into this appeal with its eyes wide open about "the magnitude of the costs at issue,"—costs stemming from bonds that were "approved by the district court." *Hotels.com*, 593 U.S. at 342. If those costs were potentially concerning to HDC, it could have readily and sensibly avoided them by accepting the Cruise Lines' proposal to proceed without a bond. To the extent HDC now regrets its "calculated business risk," it has "only [itself] to blame." HDC Merits Br. 1, 4.

7

## CONCLUSION

For the above reasons, this Court should deny HDC's motion.

Respectfully submitted,

/s/ Derek L. Shaffer
DEREK L. SHAFFER
CHRISTOPHER G. MICHEL
JONATHAN G. COOPER
NICHOLAS J. CALUDA
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
(202) 538-8000
derekshaffer@quinnemanuel.com

*Counsel for Defendants-Appellant*
*Norwegian Cruise Line Holdings Ltd.*

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM
ABIGAIL FRISCH VICE
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300
kshanmugam@paulweiss.com

*Counsel for Defendant-Appellant*
*Carnival Corporation*

/s/ Paul D. Clement
PAUL D. CLEMENT
MATTHEW D. ROWEN
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8900
paul.clement@clementmurphy.com

*Counsel for Defendant-Appellant*
*Royal Caribbean Cruises, Ltd.*

/s/ Robert M. Loeb
ROBERT M. LOEB
ROBBIE MANHAS
JONAS Q. WANG
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC 20037
(202) 339-8400
rloeb@orrick.com

*Counsel for Defendants-Appellants*
*MSC Cruises S.A. Co., MSC Cruises*
*(USA), Inc., and MSC Cruises, S.A.*

E. JOSHUA ROSENKRANZ
KATHERINE MUNYAN
ORRICK, HERRINGTON
  & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
(212) 506-5000

ANDREW T. HERNACKI
JUSTIN B. NEMEROFF
VENABLE LLP
600 Massachusetts Avenue, N.W.
Washington, DC 20001

*Counsel for Defendants-Appellants*
*MSC Cruises S.A. Co., MSC Cruises*
*(USA), Inc., and MSC Cruises, S.A.*

January 7, 2025

## CERTIFICATE OF COMPLIANCE

In accordance with Federal Rules of Appellate Procedure 27(d)(1)(E), 27(d)(2)(A), and 32(g)(1), I certify that the foregoing motion is proportionately spaced using 14-point Times New Roman font and contains 1,790 words, excluding the parts of the motion exempted from length limits by Rules 27(d)(2) and 32(f).

January 7, 2025

/s/ *Derek L. Shaffer*
Derek L. Shaffer

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Derek L. Shaffer*
Derek L. Shaffer